IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

|  |  |
|---|---|
| CIC SERVICES, LLC, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:17-cv-110 |
| INTERNAL REVENUE SERVICE, ET AL., | ) |
| Defendants. | ) |

# DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED HEARING

Plaintiffs seek an injunction to prevent the Internal Revenue Service from requiring the disclosure of information about potentially abusive captive insurance transactions. Plaintiffs' instant motion, ECF No. 10, requests that the Court expedite the hearing of their March 30, 2017 consolidated motion for a preliminary injunction and partial summary judgment, ECF No. 8. Under the local rules, responses to plaintiffs' motion for a preliminary injunction and for partial summary judgment are due on April 13, 2017 and April 20, 2017,[1] respectively.

The government opposes plaintiffs' request for expedited consideration of its motion for a preliminary injunction and requests a stay of consideration of plaintiffs' motion for partial summary judgment until after the Court rules on the IRS's forthcoming motion to dismiss the complaint for lack of jurisdiction. Plaintiffs have not articulated any cause—much less good

---

[1] Plaintiffs' request for a declaratory judgment is properly viewed as a dispositive motion because it would invalidate the challenged IRS Notices and effectively end the case. Thus, to the extent that the Court declines to issue a stay, the government's deadline to respond to the request for partial summary judgment under the local rules would be 21 days after the motion was filed (*i.e.* April 20, 2017). See L.R. 7.1(a).

cause—to justify shortening the already tight response date under the local rules for responding to a motion for a preliminary injunction. Moreover, plaintiffs' premature motion for partial summary judgment is an end-run around the 60-day deadline typically afforded to federal agencies to answer or otherwise respond to a complaint. See Fed. R. Civ. P. 12(a)(2). Especially because the government's anticipated motion to dismiss for lack of jurisdiction would obviate the need for extensive briefing on complex administrative law questions, the Court should stay consideration of plaintiffs' premature motion for partial summary judgment.

## I. Plaintiffs Have Not Demonstrated Good Cause for Expediting Consideration of their Motion for a Preliminary Injunction

Despite contending that "time is of the essence," Pls.' Mot. ¶ 4, plaintiffs plainly created the purported "urgency" from which they now seek relief. On December 28, 2016, plaintiff CIC Services, LLC ("CIC Services") filed a complaint that was substantially similar to one presently before the Court. See CIC Services, LLC v. IRS et al., 3:16-cv-809 (E.D. Tenn.). Like the case at bar, the original complaint requested an order invalidating IRS Notice 2016-66, which the IRS had released under 26 C.F.R. § 1.6011-4 and that listed certain captive insurance transactions as "transactions of interest." Rather than press its claims in that case, however, CIC Services voluntarily dismissed its complaint on December 30, 2016. See id., ECF No. 7.

Had plaintiffs pursued their claims in the original action, the parties would have completed briefing under the local scheduling rules prior to the extended May 1, 2017 disclosure deadline of the challenged IRS notices. See IRS Notice 2017-08 (extending the disclosure deadline from January 30, 2017 to May 30, 2017). Thus, the purported "urgency" of plaintiffs' motion is entirely due to their own litigation choices, and therefore would be an improper basis

for depriving the IRS the full 14 days to respond to plaintiffs' motion for a preliminary injunction, L.R. 7.1(a).[2]

Even putting aside CIC Services' decision to dismiss its original complaint, plaintiffs have failed to explain how adhering to the briefing deadlines under the local rules would actually prejudice them. Under the local rules, the IRS's response to plaintiffs' motion for a preliminary injunction would be due on Thursday, April 13, 2017. Plaintiffs acknowledge, however, that they are not required to make any disclosures until May 1, 2017.[3] See Pls.' Mot. ECF No. 10 at ¶ 4. Thus, the Court would still have ample time under the standard briefing timeframes to determine whether plaintiffs are entitled to the extraordinary remedy of a preliminary injunction. Plaintiffs' conclusory assertion that they stand to be "irreparably harmed," Pls.' Mot. ¶ 4, is unsupported and insufficient to justify further expediting consideration of their motion for a preliminary injunction.

## II. Consideration of Plaintiffs' Motion for Partial Summary Judgment is Premature and Should be Stayed until After the Court Decides the United States' Anticipated Motion to Dismiss for Lack of Jurisdiction

Plaintiffs have also moved, prematurely, for partial summary judgment as to their entitlement to a declaratory judgment. See ECF No. 8. Having filed their motion for partial summary judgment on the day after serving the IRS with the complaint, plaintiffs seek to make

---

[2] Plaintiffs' contention that promulgation of IRS Notices 2016-66 and 2017-08 somehow violated the notice-and-comment provisions of the Administrative Procedure Act is baseless and irrelevant to their motion for an expedited hearing. See Pls.' Mot. at ¶ 5. Even assuming, *arguendo*, that the Anti-Injunction Act does not bar this suit, the IRS followed the APA's notice-and-comment procedures when promulgating the relevant regulation in this case: 26 C.F.R. § 1.6011-4, which in turn authorized the procedures used to promulgate IRS Notices 2016-66 and 2017-08.

[3] Plaintiffs also fail to allege—let alone provide evidence showing—that the IRS Notices will require them to begin filing the requested information with the IRS on May 1, 2017.

3

an end-run around the 60-day period granted by the Federal Rules of Civil Procedure to federal agencies to respond to a complaint. See Fed. R. Civ. P. 12(a)(2). Indeed, Federal courts are permitted to dismiss a motion for summary judgment without prejudice if it is filed before any party answers. E.g. Burke v. Pallito, Case No. 2:12-CV-197, 2013 WL 496150, at *6 (D. Vt. Jan. 18, 2013), report and recommendation adopted, 2013 WL 496344 (D. Vt. Feb. 11, 2013); Dowl v. Prince, Case No. 11-0417, 2011 WL 2457684, at *1 (E.D. La. June 20, 2011); Charles Allen Wright, 10A Fed. Prac. & Proc. Civ. § 2717 (4th ed.) ("Deferring a motion is a particularly appropriate step for the court to take if it believes that the summary-judgment request is premature.").

Plaintiffs offer no reason why the government should be deprived the full 60 days provided by the Federal Rules to respond to the complaint. Plaintiffs' motion for partial summary judgment is particularly inappropriate given that (1) plaintiffs' interests are already adequately protected through their motion for a preliminary injunction, and (2) the requested declaratory judgment is effectively a dispositive motion. Accordingly, plaintiffs have not provided any justification for forcing defendants to simultaneously respond to their motion for a preliminary injunction and partial summary judgment on an expedited basis.

Perhaps even more important, an order staying consideration of plaintiffs' motion for partial summary judgment will conserve judicial resources and reduce litigation expense. As explained below, the IRS is likely to prevail in its anticipated motion to dismiss for lack of jurisdiction. Such a dismissal would obviate the need for extensive briefing on the Administrative Procedure Act, 5 U.S.C. § 701 *et. seq.*; 26 U.S.C. §§ 6011, 6012; 26 C.F.R. § 1.0611-4; and the challenged IRS Notices.

This case is barred by the Anti-Injunction Act, 26 U.S.C. § 7421 and the tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).[4]  The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421(a).  Similarly, the jurisdictional grant of the Declaratory Judgment Act excludes cases that seek judgments "with respect to Federal Taxes."  28 U.S.C. § 2201(a); see generally Ecclesiastical Order of the ISM of AM, Inc. v. IRS, 725 F.2d 398, 402 (6th Cir. 1984) (recognizing the Federal tax exception to Declaratory Judgment Act).

Plaintiffs admit that failure to report information requested in IRS Notices 2016-66 and 2017-08 could subject them to liability for a penalty (*e.g.*, 26 U.S.C. § 6707A).  See Compl. ¶ 22.  Thus, plaintiffs' requested declaratory judgment, if granted, would enjoin the IRS from collecting such penalties, which are set forth in Chapter 68, Subchapter B of the Internal Revenue Code.  The Supreme Court recently made clear, however, that such penalties are "treated as taxes under Title 26, which includes the Anti–Injunction Act."  Nat'l Fed'n of Indep. Bus. v. Sebelius, 132 S. Ct. 2566, 2583 (2012); accord Florida Bankers Ass'n v. U.S. Dep't of the Treasury, 799 F.3d 1065, 1068 (D.C. Cir. 2015) (holding Anti-Injunction Act barred APA challenge to IRS regulation that triggered a penalty on U.S. banks that failed to report certain interest payments), cert. denied, 136 S. Ct. 2429 (2016).  Given this authority, the Court should not reach the administrative law questions raised by the complaint.  Accordingly, it would be far

---

[4] The defendant provides a summary of its argument that the court lacks jurisdiction to grant the relief sought by plaintiffs' complaint, as such relief is barred by the Anti-Injunction Act and the Declaratory Judgment Act. The defendant's motion to dismiss will contain a fuller discussion of these statutes and their application to the facts of this case.

more efficient to stay consideration of plaintiffs' motion for partial summary judgment until after the Court addresses the complaint's profound jurisdictional deficiencies.

## CONCLUSION

In light of the foregoing, the Court should deny plaintiffs' motion for an expedited hearing and stay consideration of plaintiffs' motion for partial summary judgment until after the Court resolves the IRS's anticipated motion to dismiss the complaint for lack of jurisdiction.

DATE: April 5, 2017

                                                Respectfully submitted,

                                                NANCY S. HARR
                                                Acting United States Attorney

                                                DAVID A. HUBBERT
                                                Acting Assistant Attorney General

                                                /s/ Richard J. Hagerman
                                                RICHARD J. HAGERMAN
                                                KYLE L. BISHOP
                                                Trial Attorneys, Tax Division
                                                U.S. Department of Justice
                                                P.O. Box 227
                                                Washington, D.C.  20044
                                                202-616-9832 (v)
                                                202-514-6866 (f)
                                                Richard.J.Hagerman@usdoj.gov
                                                Kyle.L.Bishop@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

<pre>
                              /s/ Richard J. Hagerman
                              RICHARD J. HAGERMAN
                              Trial Attorney
                              United States Department of Justice, Tax Division
</pre>