UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CIC SERVICES, LLC, and RYAN, LLC, ) | |
| ) | Case No. 3:17-cv-110 |
| *Plaintiffs*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| INTERNAL REVENUE SERVICE, ) | |
| DEPARTMENT OF TREASURY, and ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM OPINION**

Before the Court is a motion to dismiss filed by Defendants, the Internal Revenue Service, the Department of Treasury, and the United States of America. (Doc. 25.) Also before the Court is Plaintiffs CIC Services, LLC ("CIC"), and Ryan, LLC's ("Ryan") conditional motion for leave to amend. (Doc. 26.) For the reasons stated hereafter, Defendants' motion to dismiss (Doc. 25) will be **GRANTED**, and Plaintiffs' conditional motion for leave to amend (Doc. 26) will be **DENIED**.

**I. BACKGROUND**

On November 1, 2016, the Internal Revenue Service ("IRS") issued IRS Notice 2016-66 (the "Notice"). In the Notice, the IRS expressed concern that "micro-captive transactions"[1] had the potential for tax avoidance or evasion and classified these transactions as "transactions of interest" for the purposes of 26 C.F.R. § 1.6011-4 and 26 U.S.C. §§ 6011 and 6012. (Doc. 1-1,

---

[1] For a definition of the transactions at issue, *see* Doc. 1-1, at 9–11.

at 2–3.) Based on this classification, the Notice directs that: (1) "[p]ersons entering into these transactions on or after November 2, 2006, must disclose the transaction" to the IRS; and (2) "[m]aterial advisors who make a tax statement on or after November 2, 2006, with respect to transactions entered into on or after November 2, 2006, have disclosure and maintenance obligations under §§ 6111 and 6112" of the Internal Revenue Code.[2]  (*Id*. at 12.)  The Notice further provides that taxpayers and material advisors are required to file a disclosure statement regarding these transactions prior to January 30, 2017, and that persons who fail to make required disclosures "may be subject to . . . penalty" under 26 U.S.C. §§ 6707(a), 6707A, and 6708(a).  (*Id*. at 13, 15.)  Finally, the Notice requests comment "on how the transaction might be addressed in published guidance."  (*Id*. at 16.)  On December 30, 2016, the IRS issued Notice 2017-08, which extended the deadline for required disclosure of the transactions at issue to May 1, 2017.  (Doc. 1-2.)

On March 27, 2017, Plaintiffs initiated the present action.[3]  (Doc. 1.)  According to the allegations in their verified complaint, CIC is "a manager of captive insurance companies," and Ryan is a "broad-based accounting, consulting, and tax services corporation, which also manages captive insurance companies."  (*Id*. at 3.)  In these capacities, Plaintiffs assert that they are subject to the Notice's disclosure requirements for material advisors and that complying with the

---

[2] A material advisor is any person "who provides any material aid, assistance, or advice with respect to organizing, managing, promoting, selling, implementing, insuring, or carrying out any reportable transaction," and who receives gross income for such activities in excess of certain thresholds.  26 U.S.C. § 6111(b)(1).

[3] On December 28, 2016, CIC filed a similar complaint, which was assigned to District Court Judge J. Ronnie Greer.  (*See* Case No. 3:16-cv-709.)  On December 30, 2016, CIC voluntarily dismissed its previously filed complaint.  CIC asserts that it voluntarily dismissed that case immediately following the IRS's issuance of Notice 2017-08, hoping that the IRS would ultimately eliminate or substantially modify the reporting requirements set forth in the Notice.  (Doc. 9, at 11.)

Notice's disclosure requirements will force them to incur significant costs. (*Id*. at 10.) Plaintiffs assert, however, that the Notice: (1) constitutes a "legislative-type rule" that fails to comply with mandatory notice-and-comment requirements under the Administrative Procedures Act ("APA"), 5 U.S.C. § 533, *et seq*.; (2) is "arbitrary and capricious and *ultra vires* in nature"; and (3) fails to comply with the requirements of the Congressional Review of Agency Rule-Making Act, 5 U.S.C. § 801, because the IRS failed to submit it to Congress and the Comptroller General. (*Id*. at 2.) Based on these allegations, Plaintiffs seek, among other things, a declaration under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, that the Notice is invalid and an injunction prohibiting the IRS from enforcing the disclosure requirements set forth in the Notice based on the IRS's failure to comply with the APA's notice-and-comment requirements.

Shortly after filing their complaint, Plaintiffs moved the Court for a preliminary injunction prohibiting the IRS from enforcing the disclosure requirements set forth in the Notice. (*See* Doc. 8.) On April 21, 2017, the Court denied Plaintiffs' motion for preliminary injunction, reasoning, in part, that Plaintiffs were unlikely to succeed on the merits of their claims because such claims are likely barred by the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421. On May 30, 2017, Defendants moved to dismiss Plaintiffs' claims, arguing, among other things, that the Court lacks subject-matter jurisdiction. (Doc. 25.) Defendants' motion is now ripe for the Court's review.

## II.  STANDARD OF LAW

"A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) involves either a facial attack or a factual attack." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). A facial attack "is a challenge to the sufficiency of the pleading," and, on such a motion, "the court must take the

material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id*. "On such a motion, no presumptive truthfulness applies to the factual allegations, . . . and the court is free to weigh evidence and satisfy itself as to the existence of its power to hear the case." *Id*. (internal citations omitted).

In this case, because Defendants challenge the sufficiency of Plaintiffs' complaint, and because the Court will not be required to make any factual findings in deciding whether it has jurisdiction, the Court will consider Defendants' motion as a facial attack and take Plaintiffs' allegations as true for the purposes of ruling on the Rule 12(b)(1) motion.

## III. ANALYSIS

Defendants primarily argue that the Court should dismiss Plaintiffs' claims because it lacks subject-matter jurisdiction due to the AIA and the tax exemption to the DJA. (Doc. 25-1, at 7.) In relevant part, the AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such *tax* was assessed." 26 U.S.C. § 7421 (emphasis added). Similarly, the DJA provides that a Court may "declare the rights and legal relations of any interested party seeking such declaration," except "with respect to Federal taxes . . . ." 28 U.S.C. § 2201(a). "The federal tax exemption to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." *Ecclesiastical Order of the ISM of AM, Inc. v. IRS*, 725 F.2d 398, 402 (6th Cir. 1984) (quoting *Bob Jones Univ. v. Simon*, 416 U.S. 725, 733, n.7 (1974)). Defendants contend that Plaintiffs' claims and their requested injunction violate the AIA and the

4

tax exemption to the DJA, because any ruling in Plaintiffs' favor will necessarily operate to restrain tax assessment and collection. (Doc. 25-1, at 13.)

Although the Notice provides that persons who fail to comply with it will be subject to "penalty" under 26 U.S.C. §§ 6707(a), 6707A, and 6708(a), the plain language of governing statutes establishes that such a "penalty" is a "tax" within the AIA's prohibition against injunctive relief. Specifically, 26 U.S.C. § 6671(a) provides:

> The penalties and liabilities provided by [Subchapter 68B] shall be paid upon notice and demand by the Secretary, and **shall be assessed and collected in the same manner as taxes**. Except as otherwise provided, **any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by [Subchapter 68B]**.

(emphasis added). Each of the penalty provisions referenced in the Notice is contained within Subchapter 68B of the Internal Revenue Code and must be considered a "tax" for the purposes of the AIA and the DJA.

The Supreme Court of the United States has agreed that penalties assessed under Subchapter 68B are properly considered taxes for the purpose of determining whether the AIA divests a court of jurisdiction. In *National Federation of Independent Business v. Sebelius*, the Supreme Court held that the AIA did not apply to a challenge of a "penalty" for noncompliance with the Affordable Care Act's individual mandate, because the "penalty" was not a "tax." 567 U.S. 519, 543–46 (2012). The Supreme Court noted, however, that Congress can "describe something as a penalty but direct that it nonetheless be treated as a tax for the purposes of the [AIA]." *Id*. at 544. Describing such a legislative choice, the Supreme Court specifically pointed to 26 U.S.C. § 6671(a) and explained that "[p]enalties in Subchapter 68B are . . . treated as taxes under Title 26, which includes the [AIA]." *Id*.

5

Relying on this reasoning, the United States Court of Appeals for the D.C. Circuit recently held that the AIA barred a lawsuit challenging an IRS regulation that penalized U.S. banks that did not report certain interest payments. *Fla. Bankers Ass'n v. U.S. Dep't. of Treasury*, 799 F.3d 1065 (D.C. Cir. 2015). Because the penalty following a failure to report was prescribed in Subchapter 68B, it was to be considered a tax for the purposes of the AIA. *Id*. at 1068. Accordingly, the D.C. Circuit held the lawsuit effectively sought to restrain and to eliminate the assessment and collection of a tax and was barred by the AIA. *Id*. The D.C. Circuit noted specifically that its ruling did not prevent a bank from obtaining judicial review of the challenged regulation, but explained that the AIA contemplated judicial review only after a bank failed to report, paid the resultant penalty, and sued for a refund.[4] *Id*. at 1067.

Further, in *Florida Bankers Association*, the D.C. Circuit reaffirmed that plaintiffs cannot sidestep the AIA by ostensibly challenging only a reporting requirement and not the penalties imposed for violating that reporting requirement. *Id*. at 1072. The D.C. Circuit explained that a challenge to such a requirement is "necessarily also a challenge to the tax imposed for failure to comply with that reporting requirement" because "[i]f plaintiffs' challenge were successful, the IRS would be unable to assess or collect that tax for failure to comply with the reporting

---

[4] Relying on the Supreme Court's decision in *South Carolina v. Regan*, 465 U.S. 367 (1984), Plaintiffs also argue that the AIA does not bar a lawsuit when doing so would deprive a plaintiff of an adequate remedy at law. Plaintiffs assert that, in the absence of a preliminary injunction, they will never recover costs of compliance with the Notice or for harm to their businesses. *Regan*, however, does not support Plaintiffs' argument. As explained by the United States Court of Appeals for the Sixth Circuit, *Regan* creates an exception to the AIA only where "Congress has not provided an alternate avenue for an aggrieved party to litigate its claims." *RYO Mach., LLC v. U.S. Dep't of Treasury*, 696 F.3d 467, 472 (6th Cir. 2012). That is not the case here. As the D.C. Circuit recently held, the ability to initiate a refund suit after paying an assessed penalty provides an adequate alternate avenue to challenge IRS action. *See Maze v. IRS*, 862 F.3d 1087, 1093 (D.C. Cir. 2017).

requirement."⁵ *Id.* at 1071–72; *see also RYO Mach., LLC v. U.S. Dep't of Treasury*, 696 F.3d 467, 471–73 (6th Cir. 2012).

In this case, Plaintiffs' claims and their requested injunction necessarily operate as a challenge to both the reporting requirement and the penalty or tax imposed for failure to comply with the reporting requirement. Because the Notice contemplates assessing penalties for non-compliance pursuant to 26 U.S.C. §§ 6707(a), 6707A, and 6708(a), all found within Subchapter 68B of the Internal Revenue Code, Plaintiffs seek, at least in part, to restrain the IRS's assessment or collection of a tax. Accordingly, the Court lacks subject-matter jurisdiction over Plaintiffs' claims because they are barred by the AIA and the tax exception to the DJA.

In their response brief, Plaintiffs request leave to amend "[i]n the event this Court concludes that the complaint should be dismissed based upon one or more curable pleading defects." (Doc. 26, at 29.) Specifically, Plaintiffs note that, at the time they initiated the present action, the deadline for complying with the Notice had not expired. (*Id.*) Plaintiffs assert that they can now amend their complaint to allege they have complied with the Notice's requirements such that they will not be subject to penalty under the Notice. (*Id.*) Plaintiffs, however, ignore that, even if they have complied with the Notice, they seek: (1) a declaration that the Notice is invalid; and (2) an injunction prohibiting the IRS from enforcing the Notice. Such relief, therefore, still seeks to restrain the IRS's assessment or collection of taxes, even if not directly from Plaintiffs. Accordingly, because the Court finds that Plaintiffs cannot amend their

---

⁵ Plaintiffs' reliance on *Direct Marketing Association v. Brohl*, 135 S. Ct. 1124 (2015), is also misplaced. In *Florida Bankers Association*, the D.C. Circuit considered the same argument Plaintiffs advance here and rejected it. 799 F.3d at 1068–70. The Court agrees with the analysis set forth in *Florida Bankers Association* and, for those same reasons, finds the Supreme Court's reasoning in *Direct Marketing* inapplicable here.

7

complaint to cure the Court's lack of subject-matter jurisdiction, the Court will **DENY** Plaintiffs' request for leave to amend their complaint (Doc. 26).

IV. **CONCLUSION**

For the reasons stated herein, Defendants' motion to dismiss (Doc. 25) is **GRANTED**, and, because the Court lacks subject-matter jurisdiction, Plaintiffs' claims will be **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' motion for leave to amend their complaint (Doc. 26) is **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**