**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION (KNOXVILLE)**

| | | |
|---|---|---|
| **CIC SERVICES, LLC** | : | |
| | : | CASE NO. 3:17-cv-00110-TRM-HBG |
| *Plaintiff,* | : | |
| | : | CHIEF JUDGE TRAVIS R. McDONOUGH |
| **v.** | : | |
| | : | |
| **INTERNAL REVENUE** | : | **NOTICE AND MOTION FOR ENTRY OF** |
| **SERVICE,** *et al.,* | : | **PRELIMINARY INJUNCTION ON COUNT** |
| | : | **ONE OF COMPLAINT (FRCP RULE 65)** |
| *Defendants.* | : | |
| | : | |

NOTICE TO: Kyle Lamar Bishop, Esq.
 Counsel to Defendants
 U.S. Department of Justice (Tax Division)
 P.O. Box 227, Ben Franklin Station
 Washington, D.C. 20044

PLEASE BE ADVISED that Plaintiff CIC Services, LLC ("CIC Services"), by counsel, respectfully moves for entry of a Preliminary Injunction with respect to Count One of the Verified Complaint for Injunctive and Declaratory Relief initiating this case, in accordance with Rule 65 of the Federal Rules of Civil Procedure. CIC Services seeks a hearing on the relief requested at the earliest possible date at which time its counsel will proceed with the presentation of the motion and supporting evidence.

## Background

The Complaint initiating this case was originally filed on March 27, 2017. (Doc. #1). It sought to invalidate and restrain the enforcement of IRS Notice 2016-66 and related relief. A Motion for Preliminary Injunction was filed by CIC Services on March 30, 2017. (Doc. #8). A hearing was held on the Motion for Preliminary Injunction before

1

Judge McDonough on April 20, 2017. (Doc. #23). The motion was subsequently denied. The Court's principal reason for denying the motion was its conclusion that the Anti-Injunction Act ("AIA") likely obstructed the Court's subject-matter jurisdiction. (Doc. #24). The Court did not rule on the likelihood of success on the merits of CIC Services' claims about the validity of Notice 2016-66. *Id.*

Shortly thereafter, a Motion to Dismiss was filed by the IRS on May 30, 2017. (Doc. #25). On November 2, 2017, the Court issued an Opinion and Order granting the IRS's motion and dismissing CIC Services' claims without prejudice. (Doc.#35 and Doc. #36).

An appeal to the Sixth Circuit followed. A divided panel affirmed the Court's reading of the Anti-Injunction Act. See *CIC Services, LLC v. IRS*, 925 F.3d 247 (6th Cir. 2019) (Doc. #43). CIC Services petitioned for *en banc* review (Doc #45). The judges of the Sixth Circuit split on whether to address the matter *en banc*. Seven judges stated they would hear the matter *en banc* and would reverse. However, Chief Judge Jeffrey Sutton's view won over; he wrote that the various appellate court opinions and dissents "say all there is to say about the issue . . . [which] leaves the Supreme Court in a well-informed position to resolve the point by action or inaction—either by granting review and reversing or by leaving the circuit court decisions in place." *CIC Servs., LLC v. IRS*, 936 F.3d 501, 505 (6th Cir.2019). The Supreme Court, apparently, agreed.

A Petition for Writ of Certiorari to the U.S. Supreme Court followed on January 28, 2020 (Doc. #47), which was granted on May 5, 2020. (Doc. #48). On May 19, 2021, the Supreme Court unanimously reversed the decision in the case and remanded it to the Sixth Circuit. (Doc. #49). The mandate was returned to this Court on June 29, 2021.

(Doc. #51) and a telephonic Status Conference was then held on July 8, 2021. (Doc. #52).

On July 12, 2021, the Court reinstituted the case and issued an Order establishing a briefing schedule for additions to the record and cross motions for summary judgment, concluding on December 3, 2021. (Doc. #57). [1]/ On November 22, 2021, the IRS filed a Motion for Extension of Time, seeking to extend the briefing schedule into 2022 (Doc. #58)

It should also be noted that on June 8, 2020—just days after the Supreme Court granted certiorari—the IRS notified CIC Services that it was under audit as a potential abusive tax shelter promoter in accordance with IRC §§6700-6701 and it was simultaneously served with a document demand for virtually all of its documents. *See* letter to CIC Services LLC from IRS Agent Jennifer Bell attached as **Exhibit 1**. The IRS has subsequently claimed that this is simply a coincidence and not obvious retaliation, but despite demand, it has refused to provide written proof establishing its claim. Simply put, the IRS is playing for keeps.

### Basis For This Motion

It is now about four years since this Court denied CIC Services' original request for injunctive relief that would prohibit Defendants from enforcing CIC Services's compliance with IRS Notice 2016-66. And it will likely be at least another year (or approximately five years in total) before an opportunity for final relief arises under the recently-ordered briefing schedule.

---

[1] / Plaintiff has complied with Notice 2016-66 to date and will, of course, also comply with the Court's summary judgment briefing schedule, which may very well not conclude the case.

3

Yet, as the Supreme Court made clear, CIC Services and its clients currently live under threat of federal prison and crippling fines from the IRS should it deign to impose them—all because of a pseudo-regulation that is most certainly invalid.

The ultimate merits of this case have never really been in doubt. Throughout this case—from the District Court to the Supreme Court and back—the IRS has never made a serious argument that Notice 2016-66 complies with the Administrative Procedures Act. The original majority panel of the Sixth Circuit (who ultimately sided with the IRS) thought the IRS's actions here were dubious:

> The broader legal context in which this case has been brought is not lost on this Court. Defendants do not have a great history of complying with APA procedures, having claimed for several decades that their rules and regulations are exempt from those requirements. And despite the jurisdictional nature of this appeal, Plaintiff has made its thoughts on the merits abundantly clear, emphasizing that "Notice 2016-66's Issuance and Enforcement is an Obvious Violation of the APA."

*CIC Servs., LLC v. IRS*, 925 F.3d 247, 258 (6th Cir.2019). Even the author of an amicus brief supporting the IRS before the Supreme Court glumly conceded that:

> [P]laintiffs bringing these [APA] challenges all will make arguments similar to CIC Services': the reportable-transaction designation is invalid because it didn't go through the Administrative Procedure Act's notice-and-comment rulemaking process. **This is far from a frivolous claim.** As summarized by then-Judge Kavanaugh in a 2014 D.C. Circuit decision, an agency action generally requires Administrative Procedure Act notice and comment if it "purports to impose legally binding obligations or prohibitions on regulated parties" and "would be the basis for an enforcement action for violations of those obligations or requirements." Notice 2016-66 and the IRS's other reportable-transaction designations certainly do that.

. . .While CIC Services' notice-and-comment argument isn't certain to succeed, any sensible person betting on the outcome would bet on CIC Services. Moreover, the IRS will probably lose every other Administrative Procedure Act challenge to a reportable-transaction designation that hasn't gone through notice and comment.

Hemel, Daniel, Substance Over Form (May 18, 2021) "Treasury Needs To Act Fast To Save the Tax-Shelter Disclosure Regime" (emphasis in original).[2]/

Moreover, preliminarily enjoining the enforcement of Notice 2016-66 is something that the IRS ought not to mind. The IRS has never denied that Notice 2016-66 is a "legislative" rule for purposes of the APA; the IRS has simply claimed that it was unnecessary for it to follow APA notice-and-comment rulemaking. While this case was on appeal to the Sixth Circuit, however, on March 5, 2019, the IRS announced that—apparently—it had seen the error of its ways. In the attached joint "Policy Statement on the Tax Regulatory Process," the IRS make a number of relevant declarations. See Policy Statement attached as **Exhibit 2**.

**First**, the IRS agreed that APA-compliant rulemaking is a "best practice" because it creates better laws that fulfill democratic ideals. Notice 2016-66—issued as it was without notice and comment—offends these "best practices."

**Second**, the IRS concedes that "sub-regulatory guidance"—which Notice 2016-66 is—"cannot and should not be used to modify existing legislative rules or create new legislative rules." "The Treasury Department and the IRS . . . will not argue that sub-regulatory guidance has the force and effect of law." Throughout this case, however, the IRS has argued that the "sub-regulatory guidance" that is Notice 2016-66 has the

---

[2]/ Prof. Hemel is a tax professor at the University of Chicago Law School and was the principal author of one of two amicus briefs supporting the IRS in the Supreme Court. Available at https://substanceoverform.substack.com/p/treasury-needs-to-act-fast-to-save

full force and effect of law.  Notice 2016-66 adds a new *species* to the *genus* "reportable transactions" – a modification that exposes swaths of citizens to ruinous civil and criminal penalties.

Thus, the IRS has placed itself in a double-bind.  *Either* Notice 2016-66 does not have the force and effect of law (in which case there is no harm in preliminarily enjoining enforcement of it).  *Or* Notice 2016-66 has the force and effect of law (in which case it obviously offends the IRS's own policymaking canons and "best practices" and therefore ought to be enjoined).

For four years, CIC Services has lived under threat of criminal sanctions and severe penalties for fear of violating Notice 2016-66.  And for four years, the IRS has argued to this Court, the Sixth Circuit, and the Supreme Court that it can and will enforce Notice 2016-66.  Respectfully, CIC Services does not believe such treatment is fair or acceptable.  It tried to seek relief when Notice 2016-66 was issued, but for four years, the IRS evaded accountability behind a specious legal argument – that the Anti-Injunction Act ("AIA") barred any injunctive relief.

In support hereof, CIC Services, by counsel, submits the attached Brief and supporting evidence which state the reasons why a preliminary injunction should issue here and now, the specific terms of the preliminary injunctive relief requested, and in reasonable detail describes the acts which CIC Services seeks to restrain until such time as this case can be heard on the merits.  *See* Rule 65(d)(1) of the Federal Rules of Civil Procedure.

In support hereof, CIC Services by counsel, also submits herewith the following:

1. Plaintiff's Proposed Findings of Fact and Conclusions of Law Re Grant of Preliminary Injunction on Count One of the Verified Complaint submitted herewith;

2. Proposed Order Granting Preliminary Injunction Re Count One of the Verified Complaint, submitted herewith; and

3. Plaintiff also incorporates by reference all existing record support for the preliminary injunction, including Doc. #1 (Verified Complaint), Docs. #9 and #10 (earlier Motion for Preliminary Injunction and supporting Memorandum), Doc. # 21 (Reply brief re earlier Motion for Preliminary Injunction), Doc. #23 (Record of hearing held on April 20, 2017, including testimony of Sean King and Exhibits 1-10), and Doc. #26 (Opposition to Motion to Dismiss).

## Conclusion

WHEREFORE, CIC Services respectfully requests that the Court set a hearing on this motion at its earliest convenience and further, that its motion be granted.


Date: July 27 2021

Respectfully submitted,


s/ *Kenneth A. Lazarus*
Kenneth A. Lazarus (admitted *pro hac vice*)
LAZARUS & ASSOCIATES
1055 Thomas Jefferson St., NW, Suite M-100
Washington, D.C. 20007
Tel: (202) 295-2330 (Direct Line)
E-mail: lazaruslaw@aol.com

7

s/ *Adam R. Webber* _____
Adam R. Webber (admitted *pro hac vice*)
ELLIOTT FAULKNER & WEBBER, LLC
4244 Indian Ripple Road, Suite 150
Beavercreek, Ohio 45440
Tel: (937) 264-8719
E-mail: awebber@elliottfaulknerlaw.com

*-and-*


s/ *John M. Kizer* _____
John M. Kizer (TN Bar No. 029846)
Gentry, Tipton & McLemore, PC
900 South Gay Street, Suite 2300
Knoxville, TN 37902
Tel: (865) 525-5300
E-mail: jmk@tennlaw.com

COUNSEL FOR PLAINTIFF


## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of July, 2021, I electronically filed the foregoing Notice and Motion for Entry of Preliminary Injunction on Count One of Complaint (FRCP Rule 65) and all supporting documents, using the CM/ECF system, which will provide copies of such filing to all counsel of record for Defendants.


s/ *Adam R. Webber* _____
Adam R. Webber
Counsel for Plaintiff

8

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**NORTHERN DIVISION (KNOXVILLE)**

| | | |
|---|---|---|
| **CIC SERVICES, LLC,** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | CASE NO. 3:17-cv-00110-TRM-HBG |
| **v.** | : | |
| | : | |
| **INTERNAL REVENUE** | : | CHIEF JUDGE TRAVIS R. McDONOUGH |
| **SERVICE,** *et al.,* | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

---

**BRIEF IN SUPPORT Of PLAINTIFF'S MOTION FOR ENTRY OF
PRELIMINARY INJUNCTION ON COUNT ONE OF COMPLAINT**

---

In support of its Motion for Entry of Preliminary Injunction on Count One (with notice), Plaintiff CIC Services, LLC, by counsel, submits as follows.

**Background**

1.      IRS Notice 2016-66, requiring the filing of informational returns by many taxpayers, including the Plaintiff CIC Services LLC, a captive insurance service manager, was issued by the IRS on November 1, 2016, and went into effect on the same date. *See* Verified Complaint initiating this action (Doc. #1) at ¶¶ 3 and 24.

2.      Count One of the Verified Complaint initiating this action attacked the failure of the IRS to observe the public notice-and-comment requirements of the Administrative Procedure Act ("APA") which is applicable to substantive "rules" promulgated by a governmental agency. (5 U.S.C. §551). *Id.,* ¶¶ 27-40, at ¶30.  *See also Chrysler Corp. v. Brown,* 441 U.S. 281, 302 (1979); *Dismas Charities, Inc. v. U.S. DOJ,* 401 F.3d 666, 679 (6th Cir.2005).

1

3. Notice 2016-66 is a "legislative or substantive rule" within the meaning of the APA and the IRS is an "agency" within the meaning of the APA. *Id.*, at ¶¶ 31 and 32.

4. The failure of the IRS to comply with the public notice-and-comment requirements of the APA makes Notice 2016-66 unlawful and empowers this Court to set it aside. 5 U.S.C. §§ 553, 702, 706; Doc. #1., at ¶¶ 29 and 38; *see also Perez v Mortgage Bankers Ass'n,* 575 U.S. 92 (2015).

5. Compelled thus far to comply with Notice 2016-66, CIC Services has been required to expend hundreds of hours of employee labor and many thousands of dollars per year in costs to satisfy the filing requirements of Notice 2016-66. *See* Declaration of Sean King, Co-Founder and Principal of CIC Services, LLC, ("King. Dec.") at ¶¶ 1-7, attached hereto as **Exhibit 3**; and the live testimony of Mr. King and Exhibits presented at the hearing held herein on April 20, 2017 (Doc. #23). It is important to understand that such costs . . . "are continuing in nature and accumulate throughout the year [into the future]—not only at 'tax time'." King Dec. at ¶ 3.

6. In earlier dismissing this case on April 21, 2017, this Court found the existence of irreparable harm to the CIC Services and expressed sympathy with the situation it faced, but ultimately held that the Anti-Injunction Act ("AIA") (26 U.S.C. §7421) denied it jurisdiction to hear the case and provide any injunctive relief to CIC Services at that time. (Doc #24, at 7 and 9).

7. On May 19, 2021, the Supreme Court of the United States of America reversed the April 21, 2017 decision of this Court and the concurring opinion of the Sixth

2

Circuit.  The Supreme Court concluded that the AIA did not bar injunctive relief to CIC Services.  *CIC Services, LLC v. IRS,* 141 S.Ct. 1582 (decided May 19, 2021).

8.      Now, many years since its unlawful issuance, the entry of a preliminary injunction prohibiting enforcement of Notice 2016-66, would be a positive "stopgap" measure to preserve the *status quo* pending a trial on the merits which may not come for yet a substantial period of time, perhaps even several more years. *See University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981). [3]/

**Standards for Preliminary Injunction**

Rule 65 establishes the procedural requirements for obtaining a preliminary injunction but it is important to note that although a party must satisfy the procedures of Rule 65 before a court will grant such injunctive relief, the substantive requirements for an injunction are separate from and additional to Rule 65, and they must also be satisfied.  *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction).

The substantive requirements for injunctions are found in federal case law and, although they may vary somewhat from one circuit to another, they generally weigh the same four factors which are deemed relevant in the Sixth Circuit: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without an injunction; (3) whether granting the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting the injunction.

_____
[3]/ It is entirely possible, of course, that this case may not be decided on the merits upon conclusion of the summary judgment schedule established by the Court's Order of July 12, 2021 (Doc# 57).

*McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012, citing *Am. Imaging Servs., Inc. v. Eagle-Picher Indus., Inc.,* 963 F.2d 855, 858 (6th Cir. 1992). Further, these considerations are factors to be balanced; they are not prerequisites that must each be satisfied before relief may issue. *Eagle-Picher,* 963 F.2d at 859. Nor are they "rigid and unbending requirements[;]" rather, they are interrelated considerations that must be balanced together. *NE Ohio Coal. For the Homeless v. Blackwell,* 467 F.3d 999, 1009 (6th Cir. 2006) (citing *Mich. Coal. Of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.3d 150, 153 (6th Cir. 1991). The party seeking injunctive relief bears the burden of justifying such relief. *Id.*

A preliminary injunction is only a "stopgap" measure intended to fairly protect the movant until a trial can be held. *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981). Given this limited purpose, and given the fact that speed is often important, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. *Id.*

The denial of a motion for preliminary injunction is immediately appealable as a matter of right pursuant to 28 U.S.C.A. §1292(a)(1). *See, e.g., Nutrasweet Co. v. Vit-Mar Enterprises, Inc.*, 112 F.3d 689 (3d Cir. 1997). The standard for review is "abuse of discretion." *Findlay Truck Line, Inc. v. Central States, Southeast & Southwest Areas Pension Fund,* 726 F.3d 738, n. 4 (6th Cir. 2013).

A court is required to consider the security provision set forth in Rule 65(c) but bond may be waived if the circumstances warrant waiver. *Id.; see also Appalachian Regional Healthcare, Inc. v. Coventry Health and Life Insurance Co.,* 714 F.3d 424, 431 (6th Cir. 2013) (requirement of bond is within district court's discretion).

4

Rule 65 requires that the court hold a hearing before granting or refusing a motion for preliminary injunction. *See, e.g., Hunter v. Hamilton County Board of Elections,* 635 F.3d 219, 246 (6th Cir. 2011). *But cf., Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.,* 511 F.3d 535, 552 (6th Cir. 2007) (Rule 65 "does not explicitly require the court to conduct an evidentiary hearing" but implies that result; in Sixth Circuit, hearing is required only for factual issues, not "when the issues are primarily questions of law").

## Legal Argument

Legal authority supports CIC Services's motion for preliminary injunction injunctive relief with respect to Count One.

### A. Factual Verification and Standing.

CIC Services has filed a verified complaint which, like an affidavit, serves as an evidentiary footing for the instant motion. *See e.g., Parke, Davis & Co. v. Amalgamated Health & Drug Plan, Inc.,* 205 F. Supp. 597, 601 (S.D.N.Y. 1962) (verified complaint like affidavit is made under oath and is of equal standing at law). *See also* Rule 56(c)(4) advisory committee note to 2010 amendments noting that formal affidavits "are no longer required" and declarations under penalty of perjury pursuant to 28 U.S.C. §1746 are sufficient.

It is also beyond peradventure that CIC Services has standing to bring the claim for relief asserted in Count One of the verified complaint. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (to establish standing, a plaintiff need only make factual allegations of an "injury in fact" that is both "concrete" and "actual," rather than merely "theoretical" in nature). Here, as shown by the hearing held on April 20, 2017, and

supporting exhibits CIC Services will suffer a continuing loss of business in an ever-shrinking marketplace and ongoing costs that are substantial in nature.

**B.  Likelihood of Plaintiff's Success on the Merits:**

CIC Services had the gumption to go all the way to the Supreme Court of the United States to establish the unlawfulness of Notice 2016-66 due to the failure of the IRS to comply with the public notice-and-comment procedures of the APA in the face of the government's claim that its suit was barred by the AIA.  Such Notice requires the gathering and filing of mountains of information, most of which is already in the possession of the IRS, for the clear purpose of shutting down the small captive insurance industry, which has been authorized and reauthorized over the years by Congress and the President.  *See* Hearing Record of April 19, 2017 (Doc. #23), at 14-44.

On May 17, 2021, the Supreme Court spoke loud and clear: "[T]his case is not a dispute over taxes."  *CIC Services LLC v. IRS,* 141 S.Ct. 1582 (decided May 17, 2021) at 17.  "CIC's action challenges, in both its substantive allegations and its request for an injunction, a regulatory mandate – a reporting requirement – separate from any tax." *Id.,* at 18.  "[T]he suit targets not a regulatory tax, but instead a regulation that is not a tax."  *Id.*

Absent the false barrier of the AIA, this Court should now impose a preliminary injunction to protect the CIC Services from the irreparable harm that it will continue to experience by operation of Notice 2016-66 pending an eventual decision on the merits, which will very likely be in CIC Services' favor.

Many courts have awarded preliminary injunctions when it is necessary to compel the defendant to correct injury already inflicted by defining the *status quo* as "the

6

last peaceable uncontested status" existing between the parties before the dispute developed. *See, e.g., Stemple v. Board of Ed. of Prince George's County,* 623 F.2d 893, 898 (4th Cir. 1980); *Washington Capitols Basketball Club, Inc. v. Barry,* 410 F2d 472 (9th Cir. 1969); *District 50, United Mine Workers of America v. International Union, United Mine Workers of America,* 412 F.2d 165 (D.C. Cir. 1969). The last peaceable uncontested status between the parties in this case predated Notice 2016-66.

At the hearing held on July 12, 2021, the government indicated that it had an argument to advance in an attempt to salvage Notice 2016-66, apparently based in whole or in part upon the non-binding opinion of a trial-level court in Michigan which opinion pre-dated the Supreme Court's opinion of May 17, 2021. We look forward to reviewing the government's presentation in opposition to our motion. [4]/

**C. Interim Irreparable Injury to Plaintiff**

There are five distinct types of irreparable injury which CIC Services will continue to experience without the benefit of a preliminary injunction. A summary of these are treated in turn below.

1. Diversion of Employee Resources.

CIC Services LLC is a small business operation, employing only dedicated and hard-working people and each of these employees were already performing multiple tasks before Notice 2016-66. King Dec., at ¶ 3, 6. Many of them are forced to assist in compiling data on an ongoing basis throughout the year (not just at "tax time") in order to facilitate the annual filing compliance with Notice 2016-66. *Id.*

---

[4] / The government may also resurrect its earlier argument that Notice 2016-66 was blessed by a long-ago notice-and-comment process, which was earlier met by Plaintiff. *See* Doc. #21, at 4-10 and Doc. #26, at 14-16.

7

Despite CIC Services's best efforts, this burden can, and does, unfortunately produce inefficiencies, delay and error in their duties unrelated to the Notice as well as an overall reduction in company-wide morale. *Id. at* ¶ 6.

### 2. Financial Losses.

CIC Services's total out-of-pocket losses for compliance with Notice 2016-66 over the past four years approximate $400,000 *Id.,* at ¶ 7. Thus, the continuing annual average compliance costs are $100,000, almost all of which goes to reduce CIC Services' bottom line. *Id.* Additional costs for dealing with the IRS audit over the past year further weaken CIC. *Id.* Due to this onslaught, Mr. King avers that "I feel as if I am working more for the government than for myself and my family." *Id.* Mr. King also estimates that the value of his company continues to diminish significantly due to Notice 2016-66. *Id.,* at ¶¶ 7-8.

### 3. Limitations on the Conduct of Business.

Mr. King's attached Declaration makes clear that he lives with an entirely realistic concern that CIC Services lose its "errors and omissions" ("E&O") insurance policy at anytime and he continues to lose his client base due to Notice 2016-66. *Id.* at ¶ 8. As is, the cost of E&O coverage has increased from $19,000 in 2016 to $49,000 in 2021. Further, so long as the notice remains in place, CIC Services is unsellable at any price and the loss of business continues *Id.*

### 4. Reputational Harm.

CIC Services's employees have taken pride in their company but in recent years, due in significant measure to the IRS's false statements and attack on small captive insurance managers with the express intent to drive them out of business through measures like Notice 2016-66, they have begun to feel the lash of public ridicule. *Id.,* at

8

¶ 9. This inflicts real and continuing psychological damage to officers and employees as well as their families. *Id.*

        5.  <u>Threat of Civil and/or Criminal Prosecution.</u>

Life is already stressful enough without the threat of civil and/or criminal prosecution if one fails to properly retain data or properly fulfill the reportorial requirements of IRS Notice 2016-66 through mere error or a failure in oversight. *Id., at ¶ 10. They also fear that the company will be thrown into bankruptcy and they will lose the ability to support those who depend on them, as well as their freedom. *Id.*. CIC Services's employees live with this cloud and sword hanging over our heads on a daily basis. *Id.*

**D.  Absence of Substantial Harm to Others.**

Notice 2016-66 was designed to satisfy the whims of the IRS and to continue its effort to close down the entire small captive insurance industry.  There is little doubt that it will cause imminent and irreparable damage to CIC Services and will result in no harm to third parties. Indeed, CIC Services challenges the government to identify any substantial damage that a preliminary injunction will impose on anyone.

It should also be repeated here that most, if not all, of the information which the IRS seeks through compliance with Notice 2016-66 is already available to it by virtue of IRS Form 1120 (PC), which each §831(b) captive is already required to file annually. *Id.*.

**E.  Public Interest Served by Granting the Injunction.**

This factor is often recited as an alternative formulation of the one referenced immediately above.  Profound considerations of the separation of powers inherent in the rulemaking process and the APA are put at risk by Notice 2016-66.  The IRS's attempt

9

to evade the notice-and-comment requirements undermines democratic principles and constitutional authorities of Congress and the IRS as an agency of the Executive Branch.

Ideally, the preliminary injunction should not be limited to the jurisdiction of this Court or to the individual plaintiff, CIC Services, LLC. Long ago the Supreme Court of the United States recognized that "the scope of injunctive relief is dictated by the extent of the violation established, not by the [size of the] plaintiff class." *Califano v. Yamaski,* 442 U.S. 682, 702 (1979). As a practical matter, of course, CIC Services is most interested in satisfying its own immediate parochial needs.

**F. Request for Waiver or Nominal Bond.**

CIC Services requests that bond be waived to secure the preliminary injunction. Alternatively, bond should be set in the nominal amount of $100.

## Conclusion

CIC Services respectfully urges that there exists no sound reason for denial of a preliminary injunction in the circumstances now presented. The imminence of the threat and irreparable damage posed today are as significant as they were in 2017, perhaps more so.

WHEREFORE, CIC Services respectfully requests that an early hearing be set on its Motion for Preliminary Injunction and that such Motion be granted.

Date: July 27 2021

Respectfully submitted,

s/ Kenneth A. Lazarus

Kenneth A. Lazarus (admitted pro hac vice)
LAZARUS & ASSOCIATES
1055 Thomas Jefferson St., NW, Suite M-100
Washington, D.C. 20007
Tel: (202) 295-2330 (Direct Line)
E-mail: lazaruslaw@aol.com

10

s/ *Adam R. Webber* _____

Adam R. Webber (admitted *pro hac vice*)
ELLIOTT FAULKNER & WEBBER, LLC
4244 Indian Ripple Road, Suite 150
Beavercreek, Ohio 45440
Tel: (937) 264-8719
E-mail: awebber@elliottfaulknerlaw.com

*-and-*

s/ *John M. Kizer* _____

John M. Kizer (TN Bar No. 029846)
Gentry, Tipton & McLemore, PC
900 South Gay Street, Suite 2300
Knoxville, TN 37902
Tel: (865) 525-5300
E-mail: jmk@tennlaw.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of July, 2021, I electronically filed the foregoing Notice and Motion for Entry of Preliminary Injunction on Count One of Complaint (FRCP Rule 65) and all supporting documents, using the CM/ECF system, which will provide copies of such filing to all counsel of record for Defendants.

s/ *Adam R. Webber* _____

Adam R. Webber
Counsel for Plaintiff

8