IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CIC SERVICES, LLC, | ) | |
| | ) | Case no. 3:17-cv-00110-TRM-HBG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# ANSWER

The Internal Revenue Service, Department of the Treasury, and United States of America (referred to collectively simply as "the Internal Revenue Service") hereby answer and respond to the plaintiff's complaint.

## Affirmative Defenses

1.  The complaint fails to state a claim for which relief can be granted because the Internal Revenue Service complied with all applicable requirements of the United States Code, including the Administrative Procedure Act and the Congressional Review Act.

2.  The Court lacks jurisdiction over the Congressional Review Act claim because those claims are not "subject to judicial review." 5 U.S.C. § 805.

## Response to Unnumbered Paragraphs

The Internal Revenue Service responds to the allegations in the unnumbered paragraphs within the complaint as follows:

1

1. As to the first sentence of the summary of the case:

    a. This sentence characterizes the plaintiff's prayer for relief. (See Compl. at 16). To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations.

    b. Further, the Internal Revenue Service denies the plaintiff is entitled to the relief sought.

2. As to the second sentence of the summary of the case:

    a. The Internal Revenue Service admits it issued Notice 2016-66 on November 1, 2016; and that the Notice was effective on that date. See Notice 2016-66 § 3.01.

    b. The Internal Revenue Service lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this sentence.

3. As to the third sentence of the summary of the case:[1]

    a. The Internal Revenue Service admits it issued Notice 2017-08 on December 29, 2016, and that it states "if, under [Treas. Reg.] § 301.6111-3(e), a material advisor is required to file a disclosure statement with respect to a transaction described in section 2.01 of this notice by January 31, 2017, that disclosure statement will be considered to be timely filed if the material advisor alternatively files the disclosure with the Office of Tax Shelter Analysis by May 1, 2017 (because April 30 is a Sunday)." Notice 2017-08 § 2.03(b).

---

[1] The Internal Revenue Service admits the allegations contained in footnote 1 of the complaint.

2

Case 3:17-cv-00110-TRM-HBG   Document 76   Filed 09/07/21   Page 2 of 13   PageID #: 924

  b.  The Internal Revenue Service denies any remaining allegations contained in this sentence.

4.  The Internal Revenue Service denies the allegations contained in the second paragraph of the summary of the case.

## Response to Numbered Paragraphs

The Internal Revenue Service responds to the allegations in the numbered paragraphs as follows:

1.  The Internal Revenue Service denies the allegations contained in this paragraph.

2.  The Internal Revenue Service admits the allegations contained in this paragraph.

3.  The Internal Revenue Service admits the allegations contained in this paragraph.

4.  The Internal Revenue Service denies that Ryan, LLC is a plaintiff in this case.

5.  The Internal Revenue Service admits the allegations contained in this paragraph.

6.  The Internal Revenue Service admits that captive insurance companies ("captives") can include a variety of insurance companies that are owned and used by the primary insured itself or by the owner of the insured or an affiliated company of the insured. The Internal Revenue Service denies any remaining allegations contained in this paragraph.

7.  The Internal Revenue Service responds to the subparagraphs contained in this allegation as follows:

  a.  This allegation characterizes 26 U.S.C. § 832. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

b. This main portion of this allegation characterizes 26 U.S.C. § 831(b). To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.[2]

c. This allegation characterizes 26 U.S.C. § 501(c)(15). To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

8. The Internal Revenue Service admits Exhibit 1 (attached to the complaint) is a copy of Notice 2016-66. The remainder of this allegation characterizes Notice 2016-66. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

9. The Internal Revenue Service admits Exhibit 2 (attached to the complaint) is a copy of Notice 2017-08. The Internal Revenue Service also admits it issued Notice 2017-08 on December 29, 2016, and that it states "if, under [Treas. Reg.] § 301.6111-3(e), a material advisor is required to file a disclosure statement with respect to a transaction described in section 2.01 of this notice by January 31, 2017, that disclosure statement will be considered to be timely filed if the material advisor alternatively files the disclosure with the Office of Tax Shelter Analysis by May 1, 2017 (because April 30 is a Sunday)." Notice 2017-08 § 2.03(b). The Internal Revenue Service denies any remaining allegations contained in this sentence.

---

[2] The Internal Revenue Service admits the cited law modified section 831(b). See Pub.L. 114-113, Div. Q, Title III, § 333(a), (b), Dec. 18, 2015, 129 Stat. 3106. The Internal Revenue Service denies the remaining allegations contained in this footnote.

10. This allegation characterizes section 831(b) and certain unspecified IRS guidance. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

11. The Internal Revenue Service denies the allegations contained in this paragraph.

12. The Internal Revenue Service denies the allegations contained in this paragraph.[3]

13. The Internal Revenue Service denies the allegations contained in this paragraph.

14. The Internal Revenue Service denies the allegations contained in this paragraph.

15. The Internal Revenue Service admits Exhibit 3 (attached to the complaint) contains an IRS News Release. See IR-2016-25 (I.R.S.), 2016 WL 727606 (Feb. 16, 2016). The Internal Revenue Service denies the remaining allegations contained in this paragraph.

16. The Internal Revenue Service lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. The Internal Revenue Service will not comment on the existence of audits of non-parties. The Internal Revenue Service denies the remaining allegations contained in this paragraph.

18. The Internal Revenue Service denies the allegations contained in this paragraph.

19. This allegation characterizes Notice 2016-66. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.[4]

---

[3] The Internal Revenue Service lacks knowledge or information sufficient to form a belief about the truth of the allegations in this footnote.

[4] The Internal Revenue Service denies the allegations contained in this footnote.

20. This first sentence of this allegation characterizes Notice 2016-66. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in that sentence. The Internal Revenue Service lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

21. This allegation characterizes section 831(b) and rulings of the United States Tax Court. To the extent it does not quote verbatim from those sources, the Internal Revenue Service denies the allegations contained in this paragraph.[5] [6]

22. The Internal Revenue Service denies the allegations contained in the flush portion of this paragraph. The Internal Revenue Service responds to the subparagraphs as follows:

    a. The Internal Revenue Service admits that the Internal Revenue Code – specifically, 26 U.S.C. § 6707A – imposes a penalty on taxpayers that fail to disclose to the Internal Revenue Service that they participated in a transaction of interest. The Internal Revenue Service denies any remaining allegations contained in this paragraph.

    b. The Internal Revenue Service admits that the Internal Revenue Code – specifically, 26 U.S.C. § 6707 – imposes a penalty on persons that fail to disclose to the Internal Revenue Service that they provided material aid,

---

[5] This allegation characterizes <u>RVI Guaranty v. Commissioner</u>, 145 T.C. 209 (Tax Ct. 2015) and cites <u>Securitas Holdings, Inc. v. Commissioner</u>, T.C. Memo 2014-225. To the extent it does not quote verbatim from the cited source, the Internal Revenue Service denies the allegations contained in this paragraph.

[6] This allegation characterizes <u>Rent-a-Center v. Commissioner</u>, 142 T.C. 1 (Tax Ct. 2014). To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

assistance, or advice with respect to organizing, managing, promoting, selling, implementing, insuring, or carrying out a transaction of interest, or that file false or incomplete information with the Internal Revenue Service with respect to a transaction of interest. The Internal Revenue Service denies any remaining allegations contained in this paragraph.

23. The Internal Revenue Service admits the allegations contained in this paragraph.

24. The Internal Revenue Service admits that it issued Notice 2016-66 on November 1, 2016, and that it went into effect on the same date. The Internal Revenue Service further admits that, no later than May 1, 2017, certain informational returns reporting transactions of interest were due to be filed with the IRS. The Internal Revenue Service lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.[7]

25. This allegation characterizes Notice 2016-66. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

26. The Internal Revenue Service lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph. The Internal Revenue Service denies the allegations contained in the second sentence of this paragraph.

27. The Internal Revenue Service incorporates its earlier responses into this response.

---

[7] This allegation characterizes Notice 2017-08. To the extent it does not quote verbatim from those sources, the Internal Revenue Service denies the allegations contained in this paragraph.

28. This allegation characterizes the Administrative Procedure Act. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

29. This allegation characterizes the Administrative Procedure Act. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

30. This allegation characterizes the Administrative Procedure Act. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

31. To the extent this allegation characterizes the Administrative Procedure Act and does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph. The Internal Revenue Service denies the remaining allegations contained in this paragraph.

32. The Internal Revenue Service admits the allegations contained in this paragraph.

33. The Internal Revenue Service denies the allegations contained in this paragraph.

34. This allegation characterizes the Administrative Procedure Act. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

35. The Internal Revenue Service denies that it failed to comply with the requirements of the Administrative Procedure Act.

36. The Internal Revenue Service denies the allegations contained in this paragraph.

37. The Internal Revenue Service denies the allegations contained in this paragraph.

38. The Internal Revenue Service denies the allegations contained in this paragraph.

39. The Internal Revenue Service lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40. The Internal Revenue Service denies the allegations in this paragraph.

41. The Internal Revenue Service incorporates its earlier responses into this response.

42. This allegation characterizes the Administrative Procedure Act. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

43. This allegation characterizes the Administrative Procedure Act. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

44. The Internal Revenue Service denies the allegations contained in this paragraph.

45. This allegation characterizes Notice 2016-66. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

46. This allegation characterizes 26 C.F.R. § 1.6011-4(b)(6). To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

47. This allegation characterizes 72 F.R. 43146-01 (Aug. 3, 2007). To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

48. The Internal Revenue Service admits the allegations contained in the first sentence of this paragraph. The Internal Revenue Service denies the allegations contained in the second sentence of this paragraph.

49. The Internal Revenue Service admits that Exhibit 4 to the complaint contains a true and correct copy of the 2015 Form 1120-PC. The Internal Revenue Service denies the remaining allegations contained in this paragraph.

50. The Internal Revenue Service denies the allegations contained in this paragraph.

51. The Internal Revenue Service denies the allegations contained in this paragraph.

52. The Internal Revenue Service denies the allegations contained in this paragraph.

53. The Internal Revenue Service denies the allegations contained in this paragraph.

54. The Internal Revenue Service denies the allegations contained in this paragraph.

55. The Internal Revenue Service denies the allegations contained in this paragraph.

56. The Internal Revenue Service denies the allegations contained in this paragraph.

57. The Internal Revenue Service denies the allegations contained in this paragraph.[8]

58. The Internal Revenue Service incorporates its earlier responses into this response.

59. This allegation characterizes 5 U.S.C. § 801 *et seq*. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

60. This allegation characterizes 5 U.S.C. § 801 *et seq*. To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations contained in this paragraph.

61. The Internal Revenue Service denies the allegations contained in this paragraph.

62. The Internal Revenue Service lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

---

[8] The Internal Revenue Service denies the allegations contained in this footnote.

63. The Internal Revenue Service denies the allegations contained in this paragraph.

64. The Internal Revenue Service denies the allegations contained in this paragraph.

65. The Internal Revenue Service denies the allegations contained in this paragraph.

66. The Internal Revenue Service denies the allegations contained in this paragraph.

67. The Internal Revenue Service incorporates its earlier responses into this response.

68. This allegation characterizes Rule 57 and the Declaratory Judgment Act. To the extent it does not quote verbatim from those sources, the Internal Revenue Service denies the allegations contained in this paragraph.

69. The Internal Revenue Service denies the allegations contained in this paragraph.

70. The Internal Revenue Service denies the allegations contained in this paragraph.

71. The Internal Revenue Service admits it is the law of the case that "the purpose of CIC's suit is not to "restrain[] the assessment or collection of [a] tax." CIC Services, LLC v. IRS, 141 S.Ct. 1582, 1592 (2021) (quoting 26 U.S.C. § 7421(a)). The Internal Revenue Service denies the remaining allegations contained in this paragraph.

72. This sentence characterizes the plaintiff's prayer for relief. (See Compl. at 16). To the extent it does not quote verbatim from that source, the Internal Revenue Service denies the allegations. Further, the Internal Revenue Service denies any suggestion that the plaintiff is entitled to the relief sought.

WHEREFORE the Internal Revenue Service requests that this Court:

A. Dismiss the complaint;

B. Deny the plaintiff's request to enjoin the enforcement of Notice 2016-66;

C. Enter a judgment in favor of the Internal Revenue Service and against CIC Services, LLC;

D. Order that the plaintiff pay to the Internal Revenue Service its costs and fees associated with defending this litigation; and further

E. Order such other relief it deems necessary and appropriate.


Dated: September 7, 2021
DAVID A. HUBBERT
Acting Assistant Attorney General

/s/ Kyle L. Bishop
KYLE L. BISHOP
NISHANT KUMAR
Trial Attorneys, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-616-1878
Email: kyle.l.bishop@usdoj.gov
DC Bar No. 999007

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those registered to receive it.

*/s/ Kyle L. Bishop*
KYLE L. BISHOP
Trial Attorney
U.S. Department of Justice, Tax Division
