IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CIC SERVICES, LLC, | )<br>) |
| Plaintiff, | )  Case No. 3:17-cv-110<br>) |
| v. | )  Judge Travis R. McDonough<br>) |
| INTERNAL REVENUE SERVICE, ET AL., | )  Magistrate Judge Jill E. McCook<br>) |
| Defendants. | )<br>) |

**THE INTERNAL REVENUE SERVICE'S SUPPLEMENTAL BRIEF AS TO THE EFFECT OF THE SIXTH CIRCUIT'S OPINION IN <u>MANN CONSTRUCTION</u>**

Last week, the Sixth Circuit issued an opinion in <u>Mann Construction, Inc. v. United States</u>, No. 21-1500, Dkt. 32-2 (6th Cir. 2022). Shortly thereafter, this Court entered an order allowing the parties to submit supplemental briefing "as to the effect of the Sixth Circuit's opinion on this case." (Dkt. 120). While the decision is potentially an important one for this case, it is not yet final, and thus the interests of judicial economy favor the Court allowing that process to continue before relying solely on that decision. Furthermore, the Court should not read <u>Mann Construction</u> to impact issues in this case that exceed the scope of that decision.

    A.    **The Court should not rush to apply <u>Mann Construction</u> while it remains subject to review.**

The Sixth Circuit issued its decision in <u>Mann Construction</u> on March 3, 2022. <u>Mann Constr., Inc. v. United States</u>, --- F.4th ----, 2022 WL 619822 (6th Cir. Mar. 3, 2022). The Government has 45 days, or until April 18th, to seek panel or *en banc* rehearing. Fed. R. App. P. 35(c), 40(a)(1). Additionally, Supreme Court Rule 13 allows 90 days, or until June 1st, to file a petition for a writ of certiorari in that Court.

These rules exist to allow the Government sufficient time to consider its responses to rulings of the Courts of Appeals. See Fed. R. App. P. 40(a)(1), Committee Note to 1994 Amendment (extending time from 14 to 45 days in recognition of need to give the Solicitor General "time to conduct a thorough review of the merits of a case before requesting a rehearing"). The Court should recognize those principles and decline to apply Mann Construction until the Government exhausts its time to fully review the opinion and receive input from all stakeholders and allow the Solicitor General to make a decision regarding further review of Mann Construction. If the Government decides to take further action, it will apprise the Court of that decision and the impact on this case. Likewise, the Government will inform the Court should the Solicitor General decide not to seek further review of Mann Construction.

Such a short delay is reasonable given the circumstances. A district court has "broad discretion" in managing its docket. Am. Civil Liberties Union of Ky. v. McCreary Cty., Ky., 607 F.3d 439, 451 (6th Cir. 2010). While the Court need not issue a formal stay, sister courts in this Circuit have stayed litigation for over 90 days to await further action from the Court of Appeals. See Delozier v Nationstar Mortg., LLC, No. 3-16-1433, 2016 WL 8201929, at *1 (M.D. Tenn. Oct. 27, 2016).

As in Delozier, the Court temporarily delaying further action in this case will "promote judicial economy, narrow and/or simplify the issues in this case, and avoid possible litigation costs and hardships." Id. Indeed, given CIC is already protected by this Court's preliminary

2

injunction, there is little risk of it suffering any harm as a result of a short delay.[1] The Court should forego ruling on the pending cross motions for summary judgment until the Government has a full opportunity to decide whether it intends to challenge the Sixth Circuit's ruling in Mann Construction.

    **B.    Mann Construction does not impact this Court's analysis of the appropriate remedy in this case.**

If the Court eventually applies the Mann Construction decision to this case, it should do so only as to the issues decided by the Sixth Circuit.[2] Specifically, this Court should not read Mann Construction to demand or foreclose a particular remedy in the event it finds an APA violation.

As the Sixth Circuit panel concluded its opinion in Mann Construction, it suggested that because the relevant notice was promulgated without notice and comment it "must" be set aside. See Mann Construction, Inc., Dkt. 32-2 at 12 ("Because the IRS's process for issuing Notice

---

[1] CIC implicitly acknowledges this by asking the Court to redress not *its* purported harms, but purported harms that may befall others. (See, e.g., dkt. 121 at 6 (alleging there is "some urgency" for the Court to act given an alleged March 31, 2022 deadline for compliance with Notice 2016-66)). This request is improper for at least three reasons. First, CIC cannot raise potential claims of other, nonparty material advisors. (See dkt. 119 at 1; dkt. 106 at 9). Second, many material advisors—even those not protected by a preliminary injunction—will have no reporting requirement come the deadline. Material advisors that have previously disclosed a connection to a Reportable Transaction must refile only if additional information that was previously undisclosed becomes available, or if there are material changes to the transaction. Lastly, CIC misstates the date of the approaching deadline. Any filing requirement arises the last day of the calendar month *following* the end of the quarter (excluding weekends and holidays). That makes the deadline May 2, not March 31. See 26 C.F.R. § 301.6111-3(e).

[2] Mann Construction does not impact several issues raised by CIC in its filing. (Dkt. 121). Nothing in Mann Construction implicates CIC's pending motion seeking discovery, its request for "further public structural and reparative relief," or its request to modify the existing preliminary injunction. (Id. at 5-6).

2007-83 did not satisfy the notice-and-comment procedures for promulgating legislative rules under the APA, we must set it aside."). But this Court should not interpret that statement to limit its discretion in fashioning an appropriate remedy in this case.

Mann Construction is a suit for a tax refund, not an APA challenge. By the time the District Court issued the opinion appealed to the Sixth Circuit, the only remedy plaintiffs sought was money. Initially, the plaintiffs also sought injunctive and declaratory relief relating to the IRS notice. But plaintiffs voluntarily dismissed those claims. See Mann Construction, Inc. v. I.R.S., 495 F. Supp. 3d 556, 568 (E.D. Mich. 2020) (noting that plaintiffs had "concurred in the dismissal of any claim for injunctive or declaratory relief, so the only claim for relief remaining [was] a judgment awarding damages in the amount of the 6707A penalty"). The only remedy denied by the District Court was a tax refund. Therefore, in reversing the District Court, the only remedy granted by the Sixth Circuit is a tax refund.

Because the Mann Construction plaintiffs did not seek injunctive or declaratory relief related to the IRS or the notice, the question of a remedy—beyond the requested tax refund—was not before the Sixth Circuit. This Court is, of course, bound to follow Sixth Circuit precedent. But "only *holdings* are binding, not *dicta*." Wright v. Spaulding, 939 F.3d 695, 700 (6th Cir. 2019) (emphasis in original). And as the Sixth Circuit has explained, "a holding is a court's determination of a matter of law pivotal to its decision," whereas "dictum is anything not necessary to the determination of the issue on appeal." Freed v. Thomas, 976 F.3d 729, 738 (6th Cir. 2020).

It is important to limit a precedent's binding force to its holding. "The question actually before the Court is investigated with care, and considered in its full extent." Wright, 939 F.3d at 701 (quoting Cohens v. Virginia, 19 U.S. 264, 399 (1821) (Marshall, C.J.)). Dictum, in contrast,

4

"is less likely to reflect a court's deliberate judgment." Id. Thus, for an aspect of a decision to constitute Sixth Circuit precedent, "it must be clear that the court considered the issue and consciously reached a conclusion about it." Id. at 702. Generally, only those issues raised and litigated by the parties will have been so decided. Id.

Throughout its briefing on remedy in this case, the Government has urged this Court to follow most circuits and adopt the Allied-Signal framework to determine whether an invalid rule should be permitted to remain in place upon remand to an agency. (E.g., dkt. 112 at 20–21). The Sixth Circuit's statement that a rule promulgated without notice and comment must be set aside should not be viewed as a conscious rejection of Allied-Signal or applied as binding precedent. Neither party raised the issue in its briefing or at oral argument before the Sixth Circuit. They had no reason to—the plaintiffs had dropped all claims for injunctive or declaratory relief.

The Mann Construction Court needed to decide whether the notice was validly promulgated under the APA only to determine whether the plaintiffs were entitled to a tax refund. Whether § 706 demands vacatur of an invalid rule was not litigated by the parties or essential to the court's judgment. Therefore, the Sixth Circuit's statement regarding remedy is not binding on this Court.

C.  **Conclusion.**

The Court should forestall any reliance on Mann Construction until the time passes for the Government to challenge its conclusions in either the Sixth Circuit or the Supreme Court. The Court should also decline CIC's invitation to read the Sixth Circuit's dicta as mandating a specific remedy in this case.

| | |
|---|---|
| DATE: March 11, 2022 | FRANCIS M. HAMILTON III<br>United States Attorney<br><br>DAVID A. HUBBERT<br>Deputy Assistant Attorney General<br><br>*/s/ Kyle L. Bishop*<br>KYLE L. BISHOP<br>NISHANT KUMAR<br>MOIRA E. GOODWIN<br>Trial Attorneys, Tax Division<br>U.S. Department of Justice<br>P.O. Box 227<br>Washington, D.C. 20044<br>202-616-1878 (v)<br>202-514-6866 (f)<br>Kyle.L.Bishop@usdoj.gov<br>Nishant.Kumar@usdoj.gov<br>Moira.E.Goodwin@usdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of March, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

>*/s/ Kyle L. Bishop*
>KYLE L. BISHOP
>Trial Attorney
>U.S. Department of Justice, Tax Division

7

Case 3:17-cv-00110-TRM-JEM   Document 122   Filed 03/11/22   Page 7 of 7   PageID #: 2150