IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CIC SERVICES, LLC, | ) |
| Plaintiff, | ) Case No. 3:17-cv-110 |
| v. | ) Judge Travis R. McDonough |
| INTERNAL REVENUE SERVICE, ET AL., | ) Magistrate Judge Jill E. McCook |
| Defendants. | ) |

**MOTION FOR STAY OF INJUNCTIVE RELIEF**

On March 21, 2022, this Court ordered the Internal Revenue Service to "return to taxpayers and material advisors all documents and information produced pursuant" to Notice 2016-66. (Dkt. 124). Pursuant to Rule 62(c) of the Federal Rules of Civil Procedure, the United States moves the Court to stay enforcement of this injunction pending resolution of issues raised in the United States' motion for reconsideration. (Dkt. 125).

**PROCEDURAL HISTORY**

CIC initiated this action in March of 2017, challenging Notice 2016-66 under the Administrative Procedure Act. (Dkt. 1 at 2). CIC requested a judgment "declaring that Notice 2016-66 is unlawful," an order "permanently enjoin[ing] the enforcement of Notice 2016-66 as an unlawful IRS rule," and "such additional relief, including the imposition of fees and costs, as the Court deems equitable." (Id. at 16).

In October of 2021—more than four years after filing suit—CIC moved to amend its complaint. (Dkt. 89). CIC sought to greatly expand its requests for relief to include a "public structural injunction" and a "public reparative injunction." (Id. at 1–2). The Government opposed, recognizing that the unusual request raised "a host of complex questions of law." (Dkt.

95 at 2). Magistrate Judge Bruce Guyton, too, seemed to recognize that the new relief would require extensive briefing, and therefore, in granting CIC leave to amend, stated that a separate briefing schedule would be set after the motions for summary judgment had been decided. (Dkt. 103 at 2). Citing Judge Guyton's order, neither the United States nor CIC briefed the issue. (Dkt. 112 at 25 n.7; dkt. 114 at 9).

Despite Judge Guyton's express reservation of the issue and the parties' clear reliance thereon, this Court issued a version of CIC's extraordinary public reparative injunction, without providing the parties an opportunity to brief the question. (Dkt. 124). The United States explains the numerous legal and practical problems with the Court's injunction in its motion for reconsideration.[1] (Dkt. 125). Until the parties have the full opportunity to brief the issues raised in the motion for reconsideration, all principles of equity support a stay of enforcement of the Court's injunction.[2]

## STANDARD OF REVIEW

This Court has authority to stay the injunction. See FED. R. CIV. P. 62(c). There are four factors a court should consider in determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) the likelihood

---

[1] The Government will voluntarily return the original, paper copy of CIC's Form 8918 filed with the Office of Tax Shelter Analysis ("OTSA"), if it can be located, to simplify the issues before the Court. The Government does not concede that CIC is entitled to this relief under the APA or any other source of law. As explained in the Government's motion for reconsideration, CIC has no possible basis to demand the return of nonparty documents.

[2] The United States may seek a further stay under Rule 62(d), pending appeal, if the Court declines to reconsider its order and dissolve the injunction as to nonparties. In addition, to avoid litigation over these issues while awaiting the Court's ruling on this motion, the Government also asks the Court to grant an administrative stay pending resolution of this motion.

2

that the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure other interested parties; and (4) where the public interest lies." Breeze Smoke, LLC v. U.S. F.D.A., 18 F.4th 499, 503 (6th Cir. 2021) (cleaned up). The Sixth Circuit has identified the first two factors as the most critical. Id.

## ARGUMENT

**I.    The Government is likely to succeed on the merits of its challenge to the injunction.**

As discussed more fully in its motion for reconsideration, (dkt. 125-1), the Government is likely to succeed not only on its motion to reconsider, but also on any appeal that might lie in this case as relates to the Court's grant of injunctive relief. As such, this factor favors the Government's motion for a stay.

The Government will likely prevail on its motion to reconsider because the Court erred in failing to permit the Government to present its arguments against the injunctive relief prior to awarding that relief. (See dkt. 125-1 at 5–6). This alone justifies the entry of a stay until the Court acts on the motion for reconsideration. Additionally, the relief is invalid for three reasons.

First, the Court's injunction is statutorily invalid under the Administrative Procedure Act. (Dkt. 125-1 at 7–10). A court's ability to compel agency action is constrained by 5 U.S.C. § 706(1), which limits a court's power to compel an agency to take only a "'*discrete* action' that is 'legally *required* . . . about which an official had no discretion whatsoever.'" In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig., 751 F.3d 629, 634 (D.C. Cir. 2014) (quoting Norton v. S. Utah Wilderness All., 542 U.S. 55, 63–64 (2004)) (emphasis in original). Because no law or regulation requires the Service to return the documents covered by the Court's order (under these circumstances), the APA bars the structural and reparative injunctions that CIC sought in its amended complaint and the injunction that the Court ordered. (Dkt. 124).

3

Second, the Court lacked jurisdiction to order the injunction under Article III because CIC lacked standing to seek it, at least to the extent it ordered the return of documents to nonparties. (Dkt. 125-1 at 10–15). All harms CIC has allegedly suffered are either past harms, or harms that are fully remedied by vacatur of the Notice. Kanuszewski v. Mich. Dep't of Health & Human Servs., 927 F.3d 396, 406 (6th Cir. 2019) ("Past harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief."). CIC has not established a concrete and particularized continuing harm or threat of future harm resulting from IRS's retention of nonparty documents. Id. at 409. Therefore, the Court's order—to the extent it requires return of documents to nonparties—is not designed to redress a harm felt by CIC. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 103 (1998) ("[T]here must be redressability—a likelihood that the requested relief will redress the alleged injury."); id. at 108 ("[Plaintiff's injunctive request] cannot conceivably remedy any past wrong but is aimed at deterring [defendant] from violating EPCRA in the future.").

Lastly, the injunction cannot survive scrutiny under traditional principles of equity, and the Court therefore abused its discretion in granting it. (Dkt. 125-1 at 15–17). The law requires CIC to establish "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 156-57 (2010) (citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). CIC did not establish any of these factors.

Had the Court considered these factors, it would not have reached the conclusion it did. As discussed above, CIC has not identified a concrete harm the injunction could redress

4

Case 3:17-cv-00110-TRM-JEM   Document 126   Filed 04/20/22   Page 4 of 8   PageID #: 2195

sufficient to establish standing, let alone a harm substantial enough to warrant injunctive relief. Nat. Res. Def. Council, Inc. v. U.S. E.P.A., 383 F. Supp. 3d 1, 14 (D.D.C. 2019) ("[E]quity itself requires far more than Article III standing to support an injunctive decree."). Because there is no harm to redress, the second factor—which considers whether the ongoing harm can be redressed through remedies available at law—also favors the Government.

The last two equitable factors, which merge when the Government is a party, see Nken v. Holder, 556 U.S. 418, 435 (2009), also favor the Government and cut against CIC's requested injunctive relief. The IRS has informed undersigned counsel that the Court's order will likely require the IRS to expend significant personnel hours and taxpayer dollars to return Forms 8918 and 8886 to material advisors and participants, even though those entities likely retained copies of those documents after providing them to the IRS (and could request a copy at any time).

Any one of these errors would alone justify a stay of the injunction; together, they establish the Government's likely success on the merits of the motion to reconsider.

**II.     The Government will be irreparably harmed absent a stay of injunctive relief.**

As the Government interprets the Court's order, the IRS will be forced to spend significant time and money to attempt to return Forms 8886 to participants and Forms 8918 to material advisors. None of this cost would be recoverable in the event the injunction is invalidated by this Court or on appeal, thus guaranteeing irreparable harm to the IRS.

But the Court's injunction should also be stayed for the independent reason that, as written, it does not sufficiently explain to the IRS what it must do to comply with its terms. If the Court is going to order the Service to return the "documents and information" the Service acquired pursuant to Notice 2016-66 (which, as explained at length in Docket 125-1, the Court cannot and should not do) it must, at minimum, clearly identify what documents and information

5

it refers to, and stay its order until it has done so. (See id. at 17–19 (explaining the need for clarification of the Court's order)).

## III. The stay will not injure CIC or any other potentially interested parties.

As noted above, there are no ongoing harms to CIC, let alone nonparties. In this litigation, CIC complained of compliance costs, (dkt. 59 at 10), lost business, (id. at 14), diversion of employee resources, (id. at 15), financial losses, (id. at 16), limitations on the conduct of business, (id.), reputational harm, (id.), and threat of civil or criminal prosecution for failing to comply with the Notice, (id.). The Court's vacatur of the Notice fully addressed these harms on a going-forward basis.[3]

Nor can any potentially interested parties credibly claim they will suffer harm if the Court stays the order. Participants and material advisors likely retained copies of the documents and information they provided to the IRS, and thus have no urgent need for the return of their documents. And if they want a copy of those forms, the law already provides them an avenue to obtain one. (See dkt. 125-1 at 10).

Because neither CIC nor nonparties will be injured by delay in the IRS's compliance with the Court's order pending review of the injunction, this factor, too, weighs in favor of a stay.

## IV. The public interest lies in favor of the stay

The public interest heavily favors a stay of the injunction under these circumstances. Taxpayer dollars will be spent to comply with a court order that is likely to be revised by either this Court or the Sixth Circuit.

---

[3] The Government is not currently seeking a stay of the Court's vacatur of Notice 2016-66, but may do so at a later time.

And not only will nonparty participants and material advisors not be harmed by a stay of the Court's order, but it is possible that their interests will be *served* by a stay. The procedures used by the Service to return requested taxpayer information have safeguards to protect against unauthorized disclosures. See 26 U.S.C. § 6103(b)(2)(A). But requiring the Service to return documents containing confidential information on an expedited basis creates a heightened risk, for example, that documents could be sent to an out-of-date address or sent to a corporation no longer in existence. Such a risk is not in the public interest.

Thus, the public interest generally, as well as the potential interests of nonparty participants and material advisors who provided documents pursuant to the Notice, favor a stay of the Court's injunction pending the Court's review of the motion for reconsideration.

## CONCLUSION

Given the likelihood of the Government's success on the merits and the full balance of equities, the Court should stay enforcement of its injunction pending resolution of the myriad issues raised in the United States' motion for reconsideration and in this motion to stay.

Dated: April 20, 2022

FRANCIS M. HAMILTON III
Acting United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Kyle L. Bishop
KYLE L. BISHOP
MOIRA E. GOODWIN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-616-1878 (v)
202-514-6866 (f)
Kyle.L.Bishop@usdoj.gov
Moira.E.Goodwin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of April, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered to receive it.

/s/ Moira E. Goodwin
MOIRA E. GOODWIN
Trial Attorney
United States Department of Justice, Tax Division