UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CIC SERVICES, LLC, | ) | |
| | ) | Case No. 3:17-cv-110 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| INTERNAL REVENUE SERVICE, | ) | |
| DEPARTMENT OF TREASURY, and | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Before the Court are the following motions: (1) the Government's motion for reconsideration of injunctive relief (Doc. 125); (2) the Government's motion to stay the judgment (Doc. 126); (3) CIC's Services, LLC's ("CIC") motion for attorneys' fees; and (4) CIC's motion to withdraw its motion for attorneys' fees (Doc. 130). For the following reasons, the Government's motion for reconsideration will be **GRANTED**, and its motion to stay will be **DENIED AS MOOT**. CIC's motion to withdraw its motion for attorneys' fees will be **GRANTED**.

### I. BACKGROUND

This dispute centers on the Internal Revenue Service's ("IRS") issuance of Notice 2016-66 (the "Notice"). The Notice designated certain "micro-captive transactions" as "transactions of interest" and directed that: (1) "[p]ersons entering into these transactions on or after November 2, 2006, must disclose the transaction" to the IRS; and (2)"[m]aterial advisors who make a tax statement on or after November 2, 2006, with respect to transactions entered into

on or after November 2, 2006, have disclosure and maintenance obligations under §§ 6111 and 6112" of the Internal Revenue Code. (Doc. 1-1, at 12.) CIC and Ryan LLC[1] initiated the present lawsuit, solely on their own behalf, alleging, among other things, that the Notice constituted a "legislative-type rule" that failed to comply with mandatory notice-and-comment requirements under the Administrative Procedure Act ("APA") and that the Notice was "arbitrary and capricious and *ultra vires* in nature." (*See generally* Doc. 1.)

On March 21, 2022, the Court granted CIC's motion for summary judgment and vacated the Notice because it was a legislative rule that failed to comply with notice-and-comment requirements under the APA. (Doc. 123, at 6–8.) The Court also found that it was appropriate to set aside the Notice as agency action that was arbitrary and capricious. (*Id*. at 8–13.) In connection with vacating the Notice, the Court ordered the IRS to return to taxpayers and material advisors all documents and information it collected pursuant to the Notice:

> The Notice has required taxpayers and material advisors to expend time and resources, which they cannot recoup, to comply with the Notice's reporting requirements for more than four years. In turn, the IRS has received documents and information it was not entitled to because it failed to comply with the APA. Under these circumstances, it is entirely reasonable and equitable to require the IRS to return to the taxpayers and material advisors information and documents it collected pursuant to the Notice.

(Doc. 123, at 15.)

On April 18, 2022, the Government filed a motion for reconsideration. (Doc. 125.) Importantly, the Government does not challenge the Court's determination that the Notice must be set aside for failure to comply with the APA. (*Id*.) Instead, the Government argues that the Court does not have the authority to order the IRS to return all documents and information collected pursuant to the now-vacated notice to nonparty taxpayers and material advisors. (*Id*.)

---

[1] Initially, Ryan LLC was also named as a plaintiff in this action. (Doc. 1.) Ryan LLC, however, was removed as a plaintiff in CIC's amended complaint. (*See* Doc. 104.)

The Government alternatively argues that the Court should "clarify the terms of the injunction so the IRS clearly understands what documents the Court requires it to return." (*Id*. at 17–20.) The Government has also filed a motion to stay the Court's judgment pending the Court's resolution of its motion for reconsideration. (Doc. 126.) These motions are ripe for the Court's review.

## II. STANDARD OF LAW

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). To succeed on a Rule 59(e) motion, the moving party must identify "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (citing *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)). "A motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## III. ANALYSIS

Determining the appropriate scope of relief in this case is significantly complicated by this matter's unique procedural history. CIC initiated this action in March 2017. (Doc. 1.) Shortly after its inception, the Court denied CIC's motion for preliminary injunction and granted the Government's motion to dismiss for lack of subject-matter jurisdiction, finding that CIC's claims were barred by the Anti-Injunction Act ("AIA"). (Doc. 35.) CIC appealed the Court's decision to the United States Court of Appeals for the Sixth Circuit, which affirmed the Court's dismissal. (Doc. 43.) After the Sixth Circuit declined CIC's petition for rehearing en banc (Doc. 45), CIC filed a petition for writ of certiorari to the Supreme Court of the United States, which was granted in 2020 (Doc. 48). The Supreme Court ultimately held that the AIA did not deprive

the Court of subject-matter jurisdiction over CIC's claims against the IRS. *CIC Servs., LLC v. I.R.S*, 141 S. Ct. 1582 (2021). As a result, in June 2021, the Sixth Circuit vacated the Court's decision granting the Government's motion to dismiss and remanded the case to this Court. (Doc. 51.) The Court then granted CIC's renewed motion for preliminary injunction and enjoined the IRS from enforcing the Notice against CIC, finding that CIC was likely to succeed on its claim that the Notice is an invalid legislative rule because the IRS failed to observe notice-and-comment procedures required by the APA. (Doc. 82.) In March 2022, the Court granted CIC's motion for summary judgment and vacated the Notice in its entirety. (Doc. 123.) The practical result of this procedural history is that, pursuant to the Notice, the IRS collected documents and information from CIC and nonparty taxpayers and material advisors that it was not entitled to for almost five years. As a result, the Court, relying on equitable principles, ordered the IRS to return documents and information produced pursuant to the Notice to all affected taxpayers and material advisors in connection with vacating the Notice. (*Id*.) The Government's motion for reconsideration argues the Court does not have the authority to order the IRS to return documents and information collected pursuant to the Notice to nonparty taxpayers and material advisors. (Doc. 125-1, at 7–17.)

Although there are certainly many taxpayers and material advisors who, like CIC, produced documents and information pursuant to the now-vacated Notice, CIC did not assert its claims on behalf of nonparty taxpayers and material advisors. Instead, it asserted its claims on behalf of itself and requested relief that included, among other things: (1) a "public structural injunction," enjoining the Government from enforcing the Notice; and (2) a "public reparative injunction" requiring the IRS to return or destroy "all materials provided" in response to the Notice. (Doc. 104, at 15–16.) Federal Rule of Civil Procedure 23 permits a party to bring claims

on behalf of nonparties as a class action assuming certain prerequisites are met. It also specifically contemplates that bringing a case as a class action may be appropriate if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Despite possessing a procedural device to assert claims and request injunctive relief on behalf of similarly-situated nonparties, CIC did not do so. As a result, while nonparty taxpayers and material advisors necessarily benefit from CIC successfully demonstrating that the Notice must be set aside and are no longer be required to produce documents and information pursuant to the Notice, CIC does not have any basis to seek affirmative injunctive relief requiring the IRS to return documents to nonparty taxpayers and material advisors. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011) (explaining that "[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only" and "to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members").

At multiple times during this litigation, CIC has argued that entry of a "reparative injunction," including an order requiring the IRS to return or destroy documents collected pursuant to the Notice, is necessary to prevent the IRS from using the fruits of its unlawful conduct and to remedy the IRS's repeated failure to comply with the requirements of the APA. (Doc. 97, at 17–18; Doc. 104, at 16; Doc. 128, at 7–9.) In support of this argument, CIC cites to *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014), and *Brown v. Board of Education*, 349 U.S. 294 (1955)—cases that discuss actions courts are authorized to take based on the possibility of future harm but that have nothing to do with the APA and bear no factual similarities to the

5

present dispute. At bottom, CIC has not identified, and the Court's independent research does not reveal, any case in which a court has compelled an agency to take affirmative action that extends to nonparties in connection with setting aside a legislative rule under 5 U.S.C. § 706(2). Accordingly, the Court finds that it committed clear error by ordering the IRS to return the documents and information it collected pursuant to the Notice to nonparty taxpayers and material advisors.

To be sure, this determination operates as a windfall to the IRS in that it allows the IRS to retain documents and information it was not entitled to collect from nonparty taxpayers and material advisors. If this were simply a matter of determining an equitable result, the IRS would have to return all documents and information produced pursuant to the Notice, especially considering the Sixth Circuit's observations that the IRS has a history of APA noncompliance.[2] The Supreme Court has held that to obtain a permanent injunction, a plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S 139, 156–57 (2010). Contrary to the Government's arguments, each of the foregoing factors weighs in favor of requiring the IRS to return documents and information collected from all taxpayers and material advisors pursuant to the Notice. First, CIC, along with taxpayers and material advisors, suffered irreparable injury because they were forced to expend

---

[2] The Sixth Circuit previously noted that the IRS "does not have a great history of complying with APA procedures," *CIC Servs., LLC v. I.R.S.*, 925 F.3d 247, 258 (6th Cir. 2019), and that it does not follow the basic rules of administrative law, *CIC Servs., LLC v. I.R.S*, 936 F.3d 501, 507 (6th Cir. 2019).

resources that they cannot recoup in monetary damages in complying with the Notice. The balance of the hardships and the public interest also weigh in favor of requiring the IRS to return the documents and information at issue. The Government argues that the cost of complying with an order requiring it to return documents to nonparties is high because of the resources required, including personnel hours and postage, and that the public would necessarily bear these costs. But the IRS required taxpayers and material advisors to expend resources to comply with the Notice, and the public has an interest in governmental agencies complying with the APA, as well as an interest in not permitting governmental agencies to benefit from unlawful activity.

Nonetheless, CIC did not assert class claims and it did not demonstrate compliance with any of Rule 23's procedural prerequisites necessary to seek injunctive relief on behalf of nonparty taxpayers and material advisors. While CIC successfully demonstrated that the Notice must be set aside for failure to comply with the requirements of the APA, CIC is ultimately the only plaintiff in this action. As a result, the Court should not have ordered affirmative injunctive relief that extends to nonparty taxpayers and material advisors.

## IV. CONCLUSION

For the reasons stated herein, the Government's motion for reconsideration (Doc. 125) is **GRANTED**. The Court will enter an amended judgment removing its order requiring the IRS to return documents and information produced by nonparty taxpayers and material advisors pursuant to the Notice.[3] The Government's motion to stay (Doc. 126) is **DENIED AS MOOT**. CIC's motion to withdraw its motion for attorneys' fees (Doc. 130) is **GRANTED**.

---

[3] The Government has represented that it will locate and return documents produced by CIC in response to the Notice. Nothing in this memorandum opinion should be construed as relieving the Government of its obligation to do so.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**