UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CIC SERVICES, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:17-CV-110-TRM-JEM |
| INTERNAL REVENUE SERVICE, *et al.*, | ) ) ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Referral Order [Doc. 151] of Chief United States District Judge Travis R. McDonough.

Now before the Court is the Renewed Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412 [Doc. 149], filed by CIC Services, LLC ("Plaintiff").[1] The Internal Revenue Service ("IRS") responded in opposition to the motion [Doc. 155], and Plaintiff replied [Doc. 158]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the undersigned **RECOMMENDS** that the Chief District Judge **DENY** Plaintiff's motion [**Doc. 149**].

**I.     BACKGROUND**

Congress requires taxpersons to provide the IRS with certain information regarding a reportable transaction. 26 U.S.C. § 6707A(c)(1). A "reportable transaction" is "any transaction with respect to which information is required to be included with a return or statement because, as determined under regulations prescribed under section 6011, such transaction is of a type which the Secretary determines as having a potential for tax avoidance or evasion." *Id*. The Secretary of

---

[1]     Plaintiff refers to its motion as a "renewed motion" because it previously requested an award of attorney's fees [Doc. 127] but withdrew its request [Doc. 130] pending further litigation [*See* Doc. 149 p. 1 n.1].

the Department of Treasury ("Secretary") has the authority to "prescribe regulations which provide[] . . . such rules as may be necessary or appropriate to carry out to the purposes of this section." 26 U.S.C. § 6111(c)(3). In accordance with this authority, the Secretary promulgated regulations requiring taxpayers to provide information on several types of reportable transactions, including a "transaction of interest," which is "a transaction that is the same or substantially similar to one of the types of transactions that the IRS has defined by notice, regulation, or other form of published guidance as a transaction of interest." 26 C.F.R. § 1.6011-4(b)(6).

On November 1, 2016, the IRS issued Notice 2016-66 ("Notice"), which is the subject of this lawsuit [Doc. 1-1]. The Notice classified "micro-captive transactions" as "transactions of interest" given their potential for tax avoidance or evasion [*Id*. at 2]. The Notice provides that: (1) "[p]ersons entering into these transactions on or after November 2, 2006, must disclose the transaction" to the IRS; and (2) "[m]aterial advisors who make a tax statement on or after November 2, 2006, with respect to transactions entered into on or after November 2, 2006, have disclosure and maintenance obligations under §§ 6111 and 6112" of the Internal Revenue Code [*Id*. at 12]. Failing to report the required information subjects the taxpayer or material advisor to civil monetary and criminal penalties under 26 U.S.C. §§ 6707(a), 6707A, and 6708(a) [*Id*. at 15].

Plaintiff, a manager of captive insurance companies that is subject to the reporting requirements outlined in the Notice, filed the Complaint on March 27, 2017 [Doc. 1].[2] Plaintiff alleged that the Notice (1) constituted a "legislative-type rule[]" that failed to comply with mandatory notice-and-comment requirements under the Administrative Procedures Act ("APA"), 5 U.S.C. § 533, *et seq*.; (2) was "arbitrary and capricious and *ultra vires* in nature, lacking in

---

[2] Ryan, LLC was also a plaintiff in this case but was later dismissed as a party to the appeal [Doc. 39]. On November 12, 2021, Plaintiff filed an Amended Complaint also removing Ryan, LLC as a party [*See* Doc. 104]

underlying authority and the reasoned-analysis footing required by the APA"; and (3) failed to comply with the requirements of the Congressional Review of Agency Rule-Making Act, 5 U.S.C. § 801, because the IRS failed to submit it to Congress and the Comptroller General [Doc. 1 p. 2]. Plaintiff sought (1) a declaration pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, that the Notice was unlawful, and (2) an injunction permanently enjoining the IRS from enforcing the Notice [Doc. 1 p. 16].

Following the filing of its Complaint, Plaintiff sought a preliminary injunction [Doc. 9]. On April 21, 2017, the Chief District Judge denied Plaintiff's request for a preliminary injunction [Doc. 24]. Although Plaintiff demonstrated that without the injunction it would likely suffer at least some irreparable harm, the Chief District Judge concluded that Plaintiff was unlikely to succeed on the merits [*Id*. at 4 & 7]. Specifically, the Chief District Judge reasoned that the Anti-Injunction Act ("AIA") provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such *tax* was assessed" [*Id*. at 4 (quoting 26 U.S.C. § 7421)]. Given that penalties are considered taxes under 26 U.S.C. § 6671(a), the Chief District Judge concluded that the Court likely lacked subject matter jurisdiction over the lawsuit [*Id*.]. The Court further found that the remaining relevant factors (i.e., harm to others and public interest) did not weigh in Plaintiff's favor [*Id*. at 8–9].

On May 30, 2017, Defendants moved to dismiss the case, which the Court granted on November 2, 2017 [Doc. 35]. The Court found that Plaintiff's claims were barred by the AIA and the tax exception to the DJA, 28 U.S.C. § 7421, which prohibits courts from declaring rights and legal relations with respect to federal taxes [*Id*. at 4–5]. Characterizing Plaintiff's claims and sought-after remedies as "challenge[s] to both the reporting requirement and the penalty or tax

imposed for failure to comply with the reporting requirement[,]" the Chief District Judge concluded that the action was barred [*Id*. at 7].

On December 28, 2017, Plaintiff appealed the Chief District Judge's decision [*see* Doc. 37], but on May 23, 2019, the Sixth Circuit Court of Appeals affirmed. *CIC Servs., LLC v. IRS*, 925 F.3d 247, 258 (6th Cir. 2019), *rev'd and remanded*, 141 S. Ct. 1582 (2021). Similar to the Chief District Judge's opinion, the Sixth Circuit characterized Plaintiff's complaint "as a suit for the purpose of restraining the assessment or collection of any tax[,]" meaning that it was barred by the AIA, and no exceptions applied. *Id.* at 257–58 (internal quotations omitted). On August 28, 2019, a divided panel denied Plaintiff's petition for rehearing *en banc*. *CIC Servs., LLC v. IRS*, 936 F.3d 501, 502 (6th Cir. 2019).

On May 4, 2020, the United States Supreme Court granted Plaintiff's petition for writ of certiorari, *CIC Servs., LLC v. IRS*, 140 S. Ct. 2737 (2020), and later, it reversed the Sixth Circuit's decision finding that Plaintiff's suit was not barred by the AIA. *CIC Servs., LLC v. IRS*, 141 S. Ct. 1582, 1592 (2021). Providing three reasons for its conclusion, the Supreme Court first explained that "the Notice imposes affirmative reporting obligations, inflicting costs separate and apart from the statutory tax penalty." *Id*. at 1591. In other words, the Notice mandates a reporting requirement but does not levy a tax. *Id*. Second, the Supreme Court reasoned that the AIA does not bar the suit because "the Notice's reporting rule and the statutory tax penalty are several steps removed from each other." *Id*. For example, it noted, Plaintiff would first have to withhold information subject to the requirements, the IRS would next determine whether a violation occurred, and then the IRS would have to decide whether to impose the discretionary tax penalty. *Id*. The Court concluded that Plaintiff "stands nowhere near the cusp of tax liability[.]" *Id*. And third, the Supreme Court reasoned, the "violation of the Notice is punishable not only by a tax, but by separate criminal

penalties." *Id*. at 1591–92. Noting that a criminal penalty "is not the kind of thing an ordinary person risks," the Supreme Court stated that Plaintiff's pre-enforcement suit was necessary. *Id*. at 1592.

While the Supreme Court's decision was unanimous, Justice Sotomayor and Justice Kavanaugh filed concurring opinions. Justice Sotomayor wrote a concurrence to note that the "case provide[d] no occasion for the Court to inquire into the full quantity or variety of IRS reporting requirements that are backed by tax penalties, nor to predetermine whether the AIA would allow hypothetical taxpayers to challenge those requirements in court." *Id*. at 1595 (Sotomayor, J., concurring). In Justice Kavanaugh's concurrence, he explained that in light of precedent, the Sixth Circuit's decision was reasonable. *Id*. at 1596 (Kavanaugh, J., concurring). Viewing the Court's decision as "carv[ing] out a new exception" to precedent, he stated that "[p]re-enforcement suits challenging regulations backed by tax penalties are ordinarily not barred, even though those suits, if successful, would necessarily preclude the collection or assessment of what the Tax Code refers to as a tax." *Id*.

Following the Supreme Court's decision, the Chief District Judge held a status conference and issued a briefing schedule [Docs. 52 & 57]. Plaintiff requested a preliminary injunction, which the Chief District Judge granted [Doc. 82]. The Chief District Judge found that Plaintiff "demonstrated that it is likely to succeed on its claim that Notice 2016-66 constitutes a legislative rule and that it is invalid because the Secretary failed to comply with the required notice-and-comment procedures under APA" [*Id*. at 9]. Under the APA, the Chief District Judge explained, a rule can be interpretive and not subject to the notice-and-comment requirements or legislative and subject to the notice-comment-requirements [*Id*. at 7 (citation omitted)]. He noted that "[t]he line between interpretive rules and legislative rules is fuzzy and enshrouded in considerable smog" [*Id*.

5

(quoting *NRDC v. Wheeler*, 955 F.3d 68, 83 (D.C. Cir. 2020)]. But here, he said, "[t]he crux of the dispute is whether the IRS can classify specific transactions as 'transactions of interest' under 26 C.F.R. § 1.6011-4(b)(6), thereby making them 'reportable transactions' and triggering reporting requirements, through an agency-issued notice that did not go through notice and comment" [*Id*. at 8]. Finding that the definition of "transaction of interest" provides the IRS with "unlimited discretion to label any transaction a 'transaction of interest,'" and, thus, a 'reportable transaction,'" he found the Notice constituted a legislative rule "creat[ing] new duties and obligations" [*Id*. at 9]. The Chief District Judge also found that the IRS's argument that Congress exempted it from complying with the APA in this situation "unpersuasive" [Doc. 82 p. 10 n.6 (citation omitted)]. Given that Plaintiff had demonstrated its claim was likely to succeed on the merits and it had established irreparable harm, the Chief District Judge enjoined the IRS from enforcing the Notice against Plaintiff [*Id*. at 6–12].

Following motion practice, including dispositive motions [*See* Docs. 87, 97, 99, 105 & 116], the Chief District Judge granted summary judgment in favor of Plaintiff [Doc. 123]. The IRS acknowledged that it did not comply with the APA's notice-and-comment requirements but argued that Congress exempted it from this requirement, or in the alternative, that the Notice was an interpretive rule not subject to this requirement [Doc. 112 pp. 4–12]. The Chief District Judge found that the IRS's arguments were foreclosed by *Mann Construction, Inc. v. United States*, 27 F.4th 1138, 1141 (6th Cir. 2022).[3] Given that the Notice was a legislative rule, and the IRS did not observe the notice-and-comment procedures as required by the APA, he found it was invalid

---

[3] The Chief District Judge invited the parties to submit supplemental briefing given that the Sixth Circuit's decision, issued on March 3, 2022, was relevant to the issues presented in this case [Doc. 120]. In response, the IRS requested additional time to "allow the Solicitor General to make a decision regarding further review of *Mann Construction*" [Doc. 122 p. 2]. The IRS also argued that the decision did not impact the remedies available in this case [*Id*. at 3–5].

6

[Doc. 123 pp. 7–8]. Further, the Chief District Judge found that the IRS acted arbitrarily and capriciously in issuing the Notice because "the administrative record fail[ed] to include relevant data and facts supporting [its] decision to designate micro-captive arrangements as transactions of interest, and thus, reportable transactions" [*Id*. at 10]. While the Notice stated the IRS's belief that these transactions had the potential for tax avoidance or evasion, the IRS failed "to provide the underlying facts and data" supporting this belief [*Id*.].

The IRS requested that, should the Court rule against it, that the Court should remand the rule to the IRS [Doc. 112 p. 18]. The Chief District Judge declined the IRS's invitation, finding that "vacating the Notice in its entirety is appropriate" [Doc. 123 p. 14]. But he declined Plaintiff's request to "enter an injunction barring agencies from offering documents produced by any individual or entity in response to the Notice in judicial or administrative proceedings" [*Id*. at 15]. The Chief District Judge also "order[ed] the IRS to return all documents and information produced pursuant to the Notice to taxpayers and material advisors" [*Id*. at 16]. Upon motion from the IRS, he later amended this ruling because Plaintiff "did not assert class claims and it did not demonstrate compliance with any of Rule 23's procedural prerequisites necessary to seek injunctive relief on behalf of nonparty taxpayers and material advisors" [Doc. 135 p. 7].

The IRS appealed the ruling to the Sixth Circuit, and Plaintiff filed a cross appeal [*See* Docs. 140 & 143]. The Sixth Circuit later dismissed the IRS's appeal and Plaintiff's cross appeal upon a joint motion from the parties [Doc. 147].

The motion for fees followed. Plaintiff seeks attorney's fees in the total amount of $232,662.05 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [Doc. 149 p. 1]. The IRS objected to the motion [Doc. 155], and Plaintiff replied [Doc. 158].

## II. ANALYSIS

The general rule is that each party pays its own attorney's fees, unless Congress has created an exception. *Alyeska Pipeline Serv. Co. v. The Wilderness Soc'y*, 421 U.S. 240, 254–57 (1975). Congress has done so with the EAJA. 28 U.S.C. § 2412(d)(1)(A). The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Id.*; *see also Perez v. Jaddou*, 31 F.4th 267, 270 (4th Cir. 2022) ("The EAJA is thus a qualified fee-shifting statute rather than a prevailing party statute."). "By including the substantial-justification and special-circumstances exceptions instead of automatically awarding fees to victorious parties, Congress intended to 'penalize unreasonable behavior on the part of the government without impairing the vigor and flexibility of its litigating position.'" *Perez*, 31 F.4th at 270 (quoting *Crawford v. Sullivan*, 935 F.2d 655, 659 (4th Cir. 1991)).

The parties do not dispute that Plaintiff is the prevailing party in an action against the United States. The question is whether the IRS's position in this litigation was substantially justified.[4] After considering this litigation as a whole, the undersigned finds that the IRS's position in this case was substantially justified and therefore recommends that the Chief District Judge deny Plaintiff's motion [Doc. 149].

---

[4] In the event the Court finds the IRS's position was not substantially justified, the IRS asserts that Plaintiff's requested amount of attorney's fees is unreasonable. The undersigned does not consider this aspect of the IRS's argument because it is recommended that the Chief District Judge find that the IRS's position was substantially justified.

### A. Standard of Review

The Sixth Circuit has explained what "substantially justified" means under the EAJA: "The government's position under [the EAJA] is substantially justified if it is justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *United States v. Real Prop. Located at 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991) (cleaned up and citations omitted). "[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* (cleaned up and citations omitted). The government bears the burden of proving substantial justification. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725–26 (6th Cir. 2014).

In determining whether the government's position is substantially justified, courts must "focus on the merits of that position." *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021). And while the merits of the position "matter most," courts may also consider "'objective indicia of reasonableness'—such as a dissenting opinion, the views of other courts, 'a string of losses', or a 'string of successes.'" *Id.* (cleaned up and quoting *United States ex rel. Wall v. Circle C Constr., LLC,* 868 F.3d 466, 471 (6th Cir. 2017)).

The Court must also consider "the government's position 'as a whole.'" *Id.* at 564 (quoting *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016)). "The government's whole position includes its arguments made during litigation as well as its pre-litigation conduct." *Id.* (citation omitted). And when "determining that the position of the government was justified as to [one] claim but not [another] claim, the court should . . . determine[] what impact that dichotomy had on the government's case as a whole." *EEOC v. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 615 (6th Cir. 2013) (citation omitted). It "should assess, if the two are distinct, which claim is more

prominent in driving the case in order to make the substantial justification determination, or if the claims are sufficiently intertwined legally and factually that an insubstantial justification as to one renders the entire overall position unjustified." *Id.* (citation omitted).

### B. Whether the IRS's Position was Substantially Justified

Plaintiff acknowledges that the IRS's position with respect to the AIA was substantially justified but contends that "the IRS's position must be viewed in its entirety" [Doc. 149 p. 9]. Asserting that "[t]his case was never about the AIA[,]" Plaintiff argues that the "AIA was a litigation position taken by the IRS to block the underlying APA case" [*Id.* at 10 (footnote omitted)]. "Taken as a whole," Plaintiff says, "the IRS's litigation position with respect to the AIA defense can be best described as an attempt to *prevent* a hearing of this case on its merits" [Doc. 158 p. 5]. In other words, Plaintiff asserts that "the AIA argument was about the path [it] had to take to get to the APA issue, not the merits of its case" [Doc. 149 p. 10 n.4].

The IRS counters that its jurisdictional defense was the more prominent issue in this case and that Plaintiff does not contest its position on that issue was substantially justified [Doc. 155 pp. 7–9]. This concession, the IRS argues, defeats Plaintiff's motion [*Id.* at 7]. The IRS asserts that "the United States should [not] be required to pay legal fees because it lacked clairvoyance to anticipate the creation of a new exception to the [AIA]" [*Id.* at 9]. Highlighting its success with this Court and the Sixth Court, the IRS argues that Plaintiff is not entitled to its attorney's fees under the EAJA [*Id.* at 7–9].

The parties do not dispute that the IRS's position regarding the AIA argument was substantially justified. The undersigned agrees [*See supra* p. 5]. The undersigned further finds that the IRS's AIA argument was a threshold question in determining whether Plaintiff's APA claim could proceed, and it drove the IRS's defense in this case. Indeed, had the IRS prevailed on the

AIA argument, the lawsuit would have ended. *Cf. Raza v. Chertoff*, No. 3:07-CV-646-H, 2009 WL 111758, at *2 (W.D. Ky. Jan. 15, 2009) ("Also, the Government's position was substantially justified, because a reasonable person could find the Government's position, that the Court had no jurisdiction over the case, substantially justified.").[5]

While the AIA argument was a prominent claim driving the IRS's defense, the Court must, nonetheless, look to the case as a whole in deciding whether the IRS's position was substantially justified. In other words, considering the IRS's AIA argument in a vacuum is contrary to the Sixth Circuit's guidance. *See Griffith*, 987 F.3d at 565 ("To determine whether the government's position was reasonable, we consider the government's argument on the due process claim, APA claim, and sentence six/sentence four remain issue individually. Then we consider the reasonableness of these arguments together, alongside objective indicia of reasonableness . . . ."); *see also Memphis Health Ctr.*, 526 F. App'x at 615 ("[W]hile part of the government's case may have merit, it is still plausible that its position as a whole lacks substantial justification.").

In addition to the AIA argument, the IRS states that it "made four merits arguments: (1) that notice-and-comment was not required; (2) that Notice 2016-66 was not arbitrary or capricious in substance; (3) that the administrative record supported Notice 2016-66; and that (4) [Plaintiff]

---

[5] Plaintiff relies on the Fourth Circuit Court of Appeals decision in *Hyatt v. Shalala*, 6 F.3d 250, 252 (4th Cir. 1993), for its position that jurisdictional issues do not make the IRS's argument substantially justified [Doc. 149 p. 10]. In that case, however, the Court of Appeals reviewed the district court's determination that the plaintiffs were entitled to attorney's fees because the government acted in bad faith under 28 U.S.C. § 2412(b). *Hyatt*, 6 F.3d at 254. The Court of Appeals found that the government was substantially justified in arguing certain threshold issues but also found that, after the final decision on those issues, the government argued the primary issues in bad faith, which warranted an award of attorney's fees. *Id*. at 256. That is not the case here. Plaintiff also cites *Weber v. Weinberger*, 651 F. Supp. 1379, 1390 (W.D. Mich. 1987) [*Id.*]. While the district court found the government's position on the statute of limitations in that case was unsettled law, its "litigation position was not reasonable with respect to the defenses it raised during the course of the litigation." *Id*. It is not the case here that the IRS's litigation position was not reasonable as a whole with respect to the defenses it raised during the course of the litigation.

11
Case 3:17-cv-00110-TRM-JEM   Document 159   Filed 07/12/23   Page 11 of 18   PageID #: 2492

could not achieve the remedy it sought" [Doc. 155 p. 9]. The undersigned addresses them in turn as part of the holistic review.

*Argument 1—Notice-and-Comment*. With respect to its first argument, the IRS asserts that it was justified in pursuing its position that the notice-and-comment was not required, noting that "[t]he only court that had previously considered the question—a sister district court in this same circuit—ruled in favor of the government on that very question" [Doc. 155 p. 10 (citing *Mann Constr., Inc. v. United States*, 539 F. Supp. 3d 745 (E.D. Mich. 2021)]. Plaintiff replies, "Obviously, the Sixth Circuit had no problem rejecting the IRS's arguments in *Mann Construction* without the benefit of its own decision" [Doc. 158 p. 6]. But Plaintiff's point is unpersuasive because the Sixth Circuit has cautioned courts "to guard against being 'subtly influenced by the familiar shortcomings of hindsight judgment.'" *Griffith*, 987 F.3d at 563–64 (quoting *Taucher v. Brown-Hruska*, 396 F.3d 1168, 1173 (D.C. Cir. 2005)); *see also Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) ("While the EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong.").

The Chief District Judge explained that "[t]he crux of the dispute [was] whether the IRS can classify specific transactions as 'transactions of interest' under 26 C.F.R. § 1.6.011-4(b)(6), thereby making them 'reportable transaction' and triggering reporting requirements, through an agency-issued notice that did not go through notice and comment" [Doc. 82 p. 8]. The IRS asserted that it was not required to engage in the notice-and-comment requirements because: (1) Congress exempted it from having to comply, and (2) the Notice was an interpretive rule not subject to the notice-and-comment requirements.

In arguing the first point, the IRS explained that Congress defined "reportable transactions" as "any transaction with respect to which information is required to be included with a return or statement because, *as determined under regulations prescribed under section 6011*, such transaction is of a type which the Secretary determines as having a potential for tax avoidance or evasion" [Doc. 112 p. 5 (quoting 28 U.S.C. § 6707A(c)(1))]. As one court explained, Congress defined "listed transactions" in § 6707A "by reference to Treasury regulations that allow the IRS to identify listed transactions by 'notice, regulation, or other form of published guidance[,]'" which is "significant because revenue notices, like revenue rulings and procedures, are normally issued without the notice and comment required by the APA." *Mann Constr., Inc.*, 539 F. Supp. at 760 (citation omitted). Listing examples of previous notices, the IRS contended that "when Congress amended § 6707A, [it] had listed three dozen Reportable Transactions, including Fourth Transactions of Interest, using guidance . . . published without notice and comment" [Doc. 112 p. 6 (citation omitted)]. See *Lorillard v. Pons*, 434 U.S. 575, 580 (1987) ("Congress is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when re-enacts a statute without change."). And when the IRS filed its brief in support of its position in this case, one court had found that the government had "the better argument." *Mann Constr., Inc.*, 539 F. Supp. 3d at 757; *see also Griffith*, 987 F.3d at 572 (noting that other courts agreed with the government's argument, which "bolster[s] the conclusion that the government's position was substantially justified"); *Mann Constr., Inc. v. United States*, No. 1:20-cv-11307-TLL-PTM [Doc. 82 p. 11] (E.D. Mich. June 14, 2023) ("Both the Sixth Circuit and this Court reached reasonable conclusions. Neither Court found any cases, let alone binding precedent, specifically addressing whether § 6707A abrogated the APA" (citations omitted)) (Report and Recommendation pending). The IRS therefore did not take a position that was "flatly at odds with

the controlling case law" but instead it "lost because an unsettled question was resolved unfavorably." *Griffith*, 987 F.3d at 564 (quoting *Taucher*, 396 F.3d at 1174).[6]

As for the IRS's alternative argument that the Notice was an interpretive rule, it is worth noting that "[t]he line between interpretive rules and legislative rules is fuzzy and enshrouded in considerable smog." *NRDC v. Wheeler*, 955 F.3d 68, 83 (D.C. Cir. 2020) (cleaned up and citation omitted); *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015) (explaining that the APA does not define "interpretive rule" and that "its precise meaning is the source of much scholarly and judicial debate" (citations omitted)). Despite some confusion, a rule is legislative if it "expand[s] the footprint of a regulation by imposing new requirements, rather than simply interpreting the legal norms Congress or the agency itself has previously created, is the hallmark of legislative rules." *Iowa League of Cities v. EPA*, 711 F.3d 844, 873 (8th Cir. 2013) (citations omitted), *enforced sub nom. Iowa League of Cities v. Env't Prot. Agency*, No. 11-3412, 2021 WL 6102534 (8th Cir. Dec. 22, 2021). The IRS argued that the Notice was "an interpretive rule because it provides guidance that flows directly from statutes and their implementing regulations" [Doc. 112 p. 11]. But the Chief District Judge disagreed, explaining that the Notice "expand[ed] the footprint of 26 C.F.R. § 1.6011-4(b) by creating new rights and duties regarding reporting requirements related to 'reportable transactions'" [Doc. 82 p. 9]. In other words, "[P]rior to the Notice, the micro-captive transactions at issue were not considered transactions of interest, and entities like [Plaintiff] were under no obligation to provide information regarding those transactions to the

---

[6] Plaintiff argues an agency action cannot be considered reasonable if "it had exempted itself from notice and comment rulemaking via its own regulation" [Doc. 149 p. 6 (citation omitted)]. In making this argument, Plaintiff relies on *Trahan v. Regan*, 824 F.2d 96 (D.C. Cir. 1987), *opinion vacated on reh'g*, 866 F.2d 1424 (D.C. Cir. 1988), but this decision is no longer good law.

IRS[]" and after the Notice, taxpayers and material advisors had to report such transaction or face civil and criminally penalties [*Id.*].[7]

*Arguments 2 and 3—The Notice was not arbitrary or capricious in substance and the administrative record supported the Notice*. The IRS argues "that the Court did not rule[] that the substantive conclusion in Notice 2016-66 was incorrect" [Doc. 155 p. 11]. Instead, according to the IRS, the Chief District Judge noted that "the IRS may ultimately be correct that micro-captive insurance arrangements have the potential for tax avoidance or evasion" [*Id.* at 11 (quoting Doc. 123 p. 13)]. The IRS contends that the Court simply concluded that it did not compile the administrative record to support the Notice [*Id.* at 11].

Plaintiff submits that the IRS's position was not substantially justified given "that there were no facts or data supporting the IRS's targeting of captive insurance companies" [Doc. 149 p. 7]. Plaintiff acknowledges that a court's conclusion that an agency acted arbitrary or capriciously does not necessarily mean the government was not substantially justified. But here, Plaintiff maintains that there were no facts or data to support the IRS's decision to issue the Notice and it "continued to defend the Notice, manifesting its clear intention to carry on its unreasonable strategy" [Doc. 158 p. 6].

Chief Judge McDonough concluded that "the IRS acted arbitrarily and capriciously in issuing the Notice" [Doc. 123 p. 8 (citation omitted)]. The IRS argued that it "considered the important aspects of the problem by potentially abusive micro-captive transactions" and that the

---

[7] Plaintiff also contends that the IRS's prelitigation conduct was not substantially justified. Pointing to the Sixth Circuit's opinion, Plaintiff notes that the "majority scolded" the IRS given its history in not complying with the APA [Doc. 149 p. 6 (citing *CIC Servs., LLC*, 925 F.3d at 258)]. "Not only was the issuance of Notice 2016-66 unreasonable," Plaintiff argues, "but it was also part of a long, continuing pattern of unlawful rulemaking behavior" [Doc. 158 p. 3 n.1]. This argument, however, is a reiteration of the parties' underlying positions about whether the IRS was required to engage in the notice-and-comment requirement.

"administrative record includes the evidence the IRS relied on in reaching its conclusion, and the record fully support that determination . . . ." [Doc. 112 p. 13]. But Chief Judge McDonough found the administrative record did not contain any facts or data supporting the Notice. Instead, the administrative record included e-mails of draft and final versions of the Notice, prior IRS notices issued in 2002 and 2004, federal statutes and legislative history, and cases regarding insurance and captive insurance [Doc. 123 p. 11 (citations omitted)]. And, as the Chief District Judge noted, none of these sources contained the facts or data to show that the IRS examined the relevant data in issuing its Notice [*Id*. at 11–13].[8]

Even so, "[a] finding in the merits phase that the Government's underlying action was 'arbitrary and capricious' within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), does not compel an award of fees." *Summer Hill Nursing Home LLC v. Sebelius*, 677 F. Supp. 2d 181, 186 (D.D.C. 2010) (quoting *FEC v. Rose*, 806 F.2d 1081, 1087 (D.C. Cir. 1986)) (denying motion for fees where the agency's underlying position was "entirely reasonable" but the plaintiff prevailed because "the Court could not conclude that the [agency's] decision was the product of reasoned decision-making" (footnote omitted)); *see also Hayden v. Comm'r of Soc. Sec.*, No. 19-6420, 2021 WL 4551015, at *1–3 (6th Cir. Oct. 5, 2021) (finding that the government's position was substantially justified although it was arbitrary and capricious); *In re Long-Distance Tel. Serv. Fed. Excise Tax Refund Litig.*, 901 F. Supp. 2d 1, 12 (D.D.C. 2012) (finding that while the government's action was arbitrary and capricious, it was "substantially

---

[8] Plaintiff also asserts that "the IRS conceded that it should be following the APA" [Doc. 158 p. 3 (citing Doc. 59-2 "Policy Statement on the Tax Regulatory Process")]. According to Plaintiff, the IRS's policy statement states that the IRS will not issue rules without engaging in the notice-and-comment process [Doc. 149 p. 7]. But the IRS issued this policy statement well after the Notice issued here, so it is not relevant to whether the IRS was substantially justified in its position regarding the APA in this action.

justified both in issuing the [n]otice and defending it in court" when judges disagreed whether the notice was subject to judicial review"), *aff'd*, 751 F.3d 629 (D.C. Cir. 2014); *Abernathy v. Clarke*, 857 F.2d 237, 239 (4th Cir. 1988) (rejecting the contention that "a government agency action reversed as arbitrary and capricious is by definition not substantially justified").[9]

*Argument Four—Plaintiff could not achieve the remedy it sought.* The IRS asserts that on reconsideration, the Chief District Judge found that it was correct that Plaintiff could not seek relief on behalf of non-parties. Specifically, the IRS prevailed on its request that the Court reconsider its decision to "order[] the IRS to return the documents and information it collected pursuant to the Notice to nonparty taxpayers and material advisors" [Doc. 135 p. 6]. The IRS also argued that the Chief District Judge should remand the rule rather than vacate it. Although the Chief District Judge found that it was appropriate to vacate, the IRS cited authority, *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150 (D.C. Cir. 1993), supporting its argument [Doc. 112 p. 20 (collecting cases)].

After reviewing this case holistically, the undersigned concludes that the IRS has shown that its position in this litigation was substantially justified. Hence, it is recommended that no fees be awarded to Plaintiff.

---

[9] Plaintiff relies on *McClellan v. Commissioner of Social Security*, No. 2:10-CV-118, 2012 WL 7822215, at *3 (E.D. Tenn. Jan. 26, 2012), *report and recommendation adopted sub nom. McClellan v. Astrue*, No. 2:10-CV-118, 2013 WL 1292667 (E.D. Tenn. Mar. 28, 2013), to support its position. But in that case the ALJ did not consider the evidence offered by the plaintiff, which is different from the rulemaking process at issue here.

### III. CONCLUSION

For the reasons explained above, the Court **RECOMMENDS**[10] that the Chief District Judge **DENY** Plaintiff's Renewed Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412 [**Doc. 149**].

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[10] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).