UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CIC SERVICES, LLC, | ) | |
| | ) | Case No. 3:17-cv-110 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| INTERNAL REVENUE SERVICE, | ) | |
| DEPARTMENT OF TREASURY, and | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

On July 12, 2023, United States Magistrate Judge Jill E. McCook filed a report and recommendation (Doc. 159) pursuant to 28 U.S.C. 636(b)(1) and Federal Rule of Civil Procedure 72(b), recommending that Plaintiff CIC Services, LLC's ("CIC") motion for attorney's fees (Doc. 149) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2)(B)(ii), be denied. CIC timely filed an objection (Doc. 160). For the reasons that follow, the Court will **OVERRULE** CIC's objection (*id.*) and **ACCEPT** and **ADOPT** the report and recommendation (Doc. 159).

I.     **BACKGROUND**

In her report and recommendation, Magistrate Judge McCook detailed the procedural and factual background underlying this matter. (Doc. 159, at 1–7.) The parties have not objected to Magistrate Judge McCook's recitation of the facts, and the Court finds that the facts set forth in the report and recommendation are accurate. Accordingly, for the purposes of reviewing CIC's

objections to Magistrate Judge McCook's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts set forth in the report and recommendation (Doc. 159).

## II. STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). Although the Court is required to engage in a de novo review of specific objections, if the objections merely restate the arguments asserted in a defendant's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

## III. ANALYSIS

The EAJA entitles a prevailing party in an action brought against the United States to attorney's fees, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2141(d)(1)(A).

According to the United States Court of Appeals for the Sixth Circuit, "the government's position under the EAJA is substantially justified if it is justified . . . to a degree that could satisfy a reasonable person." *United States v. Real Prop. Located at 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991) (citations omitted). The court went on to state that "[a] position can be justified even though it is not correct, . . . [as long as] a reasonable person could think it is

correct, that is, if it has a reasonable basis in law and fact." *Id.* It is the Government's responsibility to prove its position was substantially justified. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725–26 (6th Cir. 2014). As Magistrate Judge McCook notes, neither party disputes that CIC prevailed in an action against the United States. (Doc. 159, at 8.) Rather, "[t]he question is whether the IRS's position in this litigation was substantially justified." (*Id.*)

CIC's objections to Judge McCook's report can be distilled into two main qualms: (1) the report failed to "apply the full weight of this Court's finding that Notice 2016-66 was arbitrary and capricious" (Doc. 160, at 7); and (2) the report improperly focused on the IRS's litigation positions at the exclusion of its behavior precipitating the action (*id.* at 4–5). The Court will address each in turn.

> A. **Whether a Finding of Arbitrary and Capricious Action Renders the IRS's Position Not Substantially Justified**

In determining whether the Government's position is substantially justified, courts must first "consider[ ] each of the government's arguments individually" before assessing its behavior holistically. *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 571 (6th Cir. 2021). This threshold determination allows courts to consider the Government's pre-litigation conduct as well as its behavior throughout litigation. *E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 614 (6th Cir. 2013) ("The threshold determination, which could also consider the government's pre-litigation conduct, was meant to cover the cost of all phases of civil litigation addressed by the statute.") (citation omitted). !

Litigation of this matter centered on three questions: (1) whether the Court possessed subject-matter jurisdiction over the action in light of the Anti-Injunction Act ("AIA"); (2) whether the IRS's issuance of Notice 2016-66 was subject to the Administrative Procedures Act's (APA) notice-and-comment requirements; and (3) whether the IRS's issuance of Notice

2016-66 was arbitrary and capricious under the APA for lacking sufficient supporting data. CIC concedes that the IRS's position on the jurisdiction question was substantially justified but dismisses it as a "side-issue to the main, merits question": the APA claim. (Doc. 149, at 9; Doc. 159, at 7.) CIC contends that, because the undersigned determined the IRS acted arbitrarily and capriciously in issuing Notice 2016-66, its position on that issue is not substantially justified. (Doc. 160, at 5–6.) The Court will therefore first assess whether the IRS was substantially justified in its actions related to Notice 2016-66.

Though a finding that agency behavior was arbitrary and capricious may support a finding that the Government's position was not substantially justified, it is not a foregone conclusion. *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988) (noting that "a position can be justified even though it is not correct" and that a position can be substantially justified "if a reasonable person could think it is correct"); *Andrew v. Bowen*, 837 F.2d 875, 878 (9th Cir. 1988) ("We agree with the Secretary that arbitrary and capricious conduct is not per se unreasonable."). Thus, government action, even if later deemed arbitrary and capricious, can still be substantially justified "if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Noble v. Barnhart*, 230 F. App'x 517, 519 (6th Cir. 2007).

This Court has found that the IRS acted arbitrarily and capriciously in issuing Notice 2016-66, but it is unclear whether the IRS was substantially justified in doing so. The Court based its ruling on the dearth of relevant data justifying the IRS's decision to designate micro-captive transactions as a "transaction of interest" due to their perceived potential to serve as a conduit for tax avoidance or evasion. (*Id.* at 10–11 (noting that the IRS claims to be "aware" of micro-captive insurance arrangements, which it identifies as a potentially abusive tax structure,

without actually citing to data).) But, despite the fact that the IRS failed to examine relevant facts and data to support its conclusion and subsequent issuance of Notice 2016-66 in violation of the APA, the Court acknowledged that "the IRS may ultimately be correct that micro-captive insurance arrangements have the potential for tax avoidance or evasion." (Doc. 123, at 13.) And, according to the IRS, it reasonably identified micro-captive transactions as having "a *potential* for tax avoidance or evasion" based on "the potential for abuse inherent in these transactions"—a "commonsense" observation that "spoke for itself." (Doc. 161, at 10–11 (quoting 26 U.S.C. § 6707A(c)(1), the IRS's enabling statute).) On one hand, the IRS flatly ignored the APA's command to examine relevant data and articulate a satisfactory explanation for its decision. (Doc. 123, at 8 (citations omitted).) On the other, the IRS's rationale for doing so may be "justified . . . to a degree that could satisfy a reasonable person." *See Real Prop. Located at 2323 Charms Rd.*, 946 F.2d at 440 (citations omitted). However, because resolution of this point is not essential to the Court's decision, it will assume arguendo the IRS was not substantially justified in issuing Notice 2016-66.

B. **Whether the IRS's Position, Viewed Holistically, Was Substantially Justified**

Even if a court finds that the Government's actions at the agency level were not substantially justified, its position as a whole may still be so. *Gushen v. Comm'r of Soc. Sec.*, No. 16-cv-10003, 2017 WL 3484493, at *3 (E.D. Mich. Aug. 15, 2017) ("Critically, the Government's position as a whole can be substantially justified even if the Government's actions *at the agency level* were not substantially justified.") (citations omitted); *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (quoting *Memphis Health Ctr.*, 526 F. App'x at 615 ) (advising courts assessing whether the Government's position was substantially justified for EAJA purposes to look to its behavior "as a whole," including "both the underlying agency

5

action and the current litigation"). On this point, courts within the Sixth Circuit have declined to award EAJA fees when the Government's overall position is substantially justified, even when it was found to have acted arbitrarily and capriciously. *See, e.g.*, *Raza v. Chertoff*, No. 3:07-cv-646-H, 2009 WL 111758, at *2 (W.D. Ky. Jan. 15, 2009) (finding the Government's position in a case brought by a plaintiff seeking to compel adjudication of his permanent-residency application substantially justified when "a reasonable person could find the Government's position, that the Court had no jurisdiction over the case, substantially justified"); *see also In re Fee Motions in Various Soc. Sec. Cases Affected by the Sixth Cir. Decision*, No. 17-5206, 2019 WL 6119220, at *5 (E.D. Ky. Nov. 18, 2019), *aff'd sub nom. Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556 (6th Cir. 2021) ("The Court finds that, even if arguendo the Government's position on the APA issue that was found to be arbitrary and capricious is not substantially justified, the other more prominent claims . . . were substantially justified.").

Though Sixth Circuit precedent has yet to draw out the relative weight courts should give the Government's pre- and post-litigation behavior when undertaking this hyperopic evaluation, *Amezola-Garcia v. Lynch*, 835 F.3d 553 (6th Cir. 2016) is instructive.[1] At issue in that case was whether the Government was substantially justified after its voluntary-departure decision as to a noncitizen plaintiff was remanded. *Id.* Despite holding that the Government's pre-litigation position on the voluntary-departure issue was not substantially justified, the court nonetheless determined that its position as a whole was. *Id.* at 555 ("Assuming that the Government's pre-litigation position on voluntary departure was not justified, the fact that the remainder of the Government's case was justified renders the Government's position in this case, as a whole,

---

[1] CIC insists that the Government's "underlying action that led to the litigation is to be the primary focus of an EAJA inquiry." (Doc. 159, at 4.) The Court finds no support for this tenet in the relevant caselaw.

substantially justified."). In doing so, the court acknowledged that "[n]o Sixth Circuit case elaborates on the 'as a whole' standard" and decided to base its decision on the fact that "the majority of the Government's arguments [distinct from the voluntary-departure issue] were justified" and that "the Government's litigation position before th[e] court was entirely justified." *Id.* The court also observed that the arguments the Government proffered in support of the voluntary-departure issue were not the primary driving force of the case, given it "made up only seven pages out of the twenty-five pages of argument in [the plaintiff's] brief, and it was the last argument made." *Id.* On this point, the court referenced its prior holding that an EAJA application fails when the Government's position on the more prominent of the multiple, distinct claims involved in the case was substantially justified. *Id.* (quoting *Memphis Health Ctr.*, 526 F. App'x 6 at 615 ).[2]

Though, as in *Amezola-Garcia*, the Government's pre-litigation position was not substantially justified, its behavior thereafter renders its position in the case, viewed holistically, substantially justified.[3] As the Court noted, *supra* Section III.A., three general issues dominated

---

[2] District courts within the Sixth Circuit have since applied this logic to EAJA requests. *See, e.g.*, *Slone v. Saul*, No. 7:18-cv-052, 2021 WL 9349954, at *2 (E.D. Ky. Mar. 16, 2021) ("[E]ven if the Government's argument 'on a less-prominent claim was not reasonable, its position as a whole may have been substantially justified.'") (citations omitted). The Sixth Circuit has interchanged "prominence" with "importance" in the EAJA context. *See Griffith*, 987 F.3d at 572 (describing an issue as "significantly less important than the other issues involved in the case" in concluding that "the government's arguments on the 'prominent' issues in the litigation were reasonable").

[3] CIC objects to Judge McCook's report in part because it contends she failed to give due consideration to the IRS's pre-litigation behavior, i.e., its issuance of Notice 2016-66 absent sufficient data. (Doc. 160, at 4–5). But Judge McCook did account for the IRS's underlying agency action in her analysis. Despite noting that the jurisdictional question was a "threshold question" that "drove the IRS's defense in this case," she acknowledged that "considering the IRS's AIA argument in a vacuum [would be] contrary to the Sixth Circuit's guidance" and also considered the IRS's behavior before and throughout litigation. (Doc. 159, at 11.) She went on to summarize this Court's finding that the IRS acted arbitrarily and capriciously in issuing Notice 2016-66, taking care to note that such a finding "does not compel an award of fees." (Doc. 159,

litigation of this matter: (1) whether the Court possessed subject-matter jurisdiction over the action in light of the AIA; (2) whether the IRS's issuance of Notice 2016-66 was subject to the APA's notice-and-comment requirements; and (3) whether the IRS's issuance of Notice 2016-66 was arbitrary and capricious under the APA for want of sufficient supporting data. The latter two issues implicate the IRS's pre-litigation behavior, and the Government's position on the third, as noted above, may not have been substantially justified. *See supra* Section III.A. Even so, CIC concedes that the Government was justified in its position on the jurisdictional question—an issue that journeyed to the Supreme Court and back, thereby eating up a significant chunk of the litigation. *See CIC Servs., LLC v. IRS*, 925 F.3d 247, 258 (6th Cir. 2019), *rev'd and remanded*, 141 S. Ct. 1582 (2021). And the Court agrees with Judge McCook's finding that the IRS's position on the notice-and-comment issue—which served as the basis for the Court's issuance of an injunction against the IRS's enforcement of Notice 2016-66 against CIC—was also substantially justified.[4] (Doc. 159, at 13–14.) Thus, even assuming the IRS's position as to the adequacy of support justifying the issuance of Notice 2016-66 was not substantially justified,

---

at 15–16 (quoting *Summer Hill Nursing Home LLC v. Sebelius*, 677 F. Supp. 2d 181, 186 (D.D.C. 2010)).)

[4] According to Judge McCook, "[t]he IRS [] did not take a position [on the notice-and-comment issue] that was 'flatly at odds with the controlling case law' but instead it 'lost because an unsettled question was resolved unfavorably.'" (Doc. 159, at 13–14 (quoting *Griffith*, 987 F.3d at 572).) She arrived at this conclusion by considering the fact that other courts analyzing the IRS's argument found it to be reasonable and, in at least one case, superior. (*Id.* at 13 (citing, among other cases, *Mann Constr., Inc. v. United States*, 539 F. Supp. 3d at 745 (E.D. Mich. 2021)).) Judge McCook also noted in regard to the IRS's argument that Notice 2016-66 was an interpretive rule not subject to formal adjudication requirements that "[t]he line between interpretive rules and legislative rules is fuzzy and enshrouded in considerable smog." (*Id.* at 14 (quoting *NRDC v. Wheeler*, 955 F.3d 68, 83 (D.C. Cir. 2020)) (internal quotation marks omitted).) Though this Court ultimately ruled against the IRS (Doc. 82), its position on the issue is "justified . . . to a degree that could satisfy a reasonable person." *See Real Prop. Located at 2323 Charms Rd.*, 946 F.2d at 440 (citations omitted).

it is only one of at least three separate issues driving litigation[5] in this matter, and the Government occupied substantially justified positions on the remaining two. For this reason, the Court **OVERRULES** CIC's objections (Doc. 160) to Judge McCook's report and recommendation (Doc. 159).

IV. **CONCLUSION**

For the reasons stated above, the Court **OVERRULES** Plaintiff's objection (Doc. 160) and **ACCEPTS** and **ADOPTS** Judge McCook's report and recommendation (Doc. 159). Accordingly, CIC's motion for attorney's fees pursuant to the EAJA (Doc. 149) is hereby **DENIED**.

**SO ORDERED**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[5] As Judge McCook observed, the IRS's AIA argument "drove [its] defense in this case." (Doc. 159, at 10–11.)